16022.   MARYLAND CASUALTY COMPANY *et al. v.*
BESS *et al.*

1. Where an employee nineteen years of age lived in his father's household as a member of the family, all of whom were dependent upon his earnings for a support, and his earnings were contributed to that cause, the cost of his own maintenance as a member of the family was not to be considered in determining the amount of compensation to be awarded upon the claim of the father, under the workmen's compensation act, made in behalf of himself, his wife, and other members of the family as dependents.
2. Under section 38 (c) of the compensation act, the compensation to partial dependents shall be in the same proportion to the compensation for persons wholly dependent that the contribution by the deceased employee bears to his average weekly wages, irrespective of contributions made to the claimants by another or others upon whom they are also partially dependent.
3. Under section 38 (c), where the deceased employee contributed his *entire* wages to persons who were partially dependent upon him, there is no difference between the amount of compensation to be awarded and that which the claimants should receive as total dependents.

DECIDED APRIL 18, 1925.

Appeal; from Colquitt superior court—Judge W. E. Thomas. October 10, 1924.

*Pottle & Hofmayer,* for plaintiffs in error.

BELL, J.    On November 15, 1923, Guilford Bess, aged nineteen years, an employee of Baker County Power Company, was killed under circumstances making his death compensable under the workmen's compensation act (Ga. L. 1920, p. 167).    His father, in behalf of himself, his wife, and his other minor children, the decedent's younger sister and younger brothers, made an application for compensation as dependents.    Upon the hearing it appeared that the decedent lived with his parents and the other claimants, as did also his older brother John.    Decedent contributed all of his earnings, $12 per week, to the family support, and John contributed about an equal amount.    The claimants had no other means of livelihood and were actually dependent upon the earnings of these boys for a support.    The Industrial Commission awarded compensation for 300 weeks at $5.10 per week, which was 85 per cent. of one half of the decedent's weekly wages. The insurance carrier appealed to the superior court, where the award was affirmed, and it excepted.

Whether or not the fact that the decedent contributed his earnings to support of the claimants made a case of dependency, without proof of their actual dependency, is not in the case for decision, since actual dependency was established without dispute and beyond question.    There is no insistence that the award was excessive or otherwise illegal because the claim was made partly in behalf of decedent's minor sister and brothers, nor that they were not entitled to be considered as dependents along with the parents.    A father or mother, or both, can be legally dependent on their minor child, under the compensation act.    The chief contention of the plaintiff in error seems to be that the industrial commission allowed compensation as for total dependency when the dependency was equally upon the earnings of the decedent and those of his brother John.    As one of the reasons for its order, the commission recited the fact that the father was entitled, under the law, to the earnings of the decedent as his minor child irrespective of the provisions of the compensation act.    This right of the father was impertinent to the claim, but we do not think that its consideration by the commission affected the result, under the record. The question is, was the compensation to be diminished because another besides the decedent contributed to the family support?

The amendment to section 38 of the act, passed in 1922 (Ga. L. 1922, p. 185), provides as follows:

"(*b*)    The employer shall pay the dependents of the deceased employee wholly dependent on his earnings for support at the time of the injury a weekly compensation equal to 85 per cent. of the compensation which is provided for in section 30 for total disability for a period not exceeding 300 weeks from date of injury.

"(*c*)    If the employee leaves dependents only partially dependent on his earnings for support at the time of his injury, the weekly compensation for those dependent shall be in the same proportion to the compensation for persons wholly dependent as the average amount contributed weekly by the deceased to the partial dependents bears to his average weekly wages at the time of his injury." Section 30 of the amended act, so far as here applicable, provides that total disability shall be computed at the rate of one half of employee's average wages.

The plaintiff in error says that the award was erroneously made under subsection *b,* as for total dependency, whereas under the evidence the claimants were only partially dependent. In the particular case it matters not whether the award was under subsection *b* or subsection *c.* Since the decedent contributed his *entire* earnings to the family funds, the compensation would have been the same under either provision. If he had contributed only a part of his earnings, it then would have become material whether the award was under subsection *c.* As a matter of fact it does not affirmatively appear under which provision the award was made. The plaintiff in error seems to conclude that it was made under subsection *b* because of the amount awarded. As already stated, if the deceased employee contributed 100 per cent. of his earnings to the dependents, the calculation proceeds to the same result under both provisions. The act as amended, in fixing compensation to partial dependents, does not take into account the fact that there may also be a partial dependency upon others. The amount is to be determined solely by first ascertaining what the claimant or claimants would be entitled to if the dependency were total, and then by taking the same proportion of this result that the "average amount contributed weekly by the deceased . . bears to his weekly wages at the time of injury." If the proportion prescribed was that which the contributions by the decedent bears

to the sum of all contributions, including those made by others, or to the total requirements for the dependents' support, the question made by the plaintiff in error would be well taken. But such is not the statute.

The fact that the decedent himself was supported out of the common fund does not alter the case. He was a minor and was entitled to be maintained at the parental domicile from the father's resources, and the father was not less dependent because a part of the funds coming in for his administration went to the support of the decedent as his minor child, among the others of his household. Subsection *c* of the Georgia act is substantially the same as section 37 of the Indiana act, under which the Appellate Court of that State has held as follows: "The cost of the maintenance of a minor son, who contributed to the support of his father's family, so that the father was his partial dependent, should not be considered in determining the amount of compensation to which the dependent father is entitled under the workmen's compensation act for the son's death. . . Under workmen's compensation act, § 37, providing that the compensation of a partial dependent shall be in the same proportion to the weekly compensation, for persons wholly dependent as the amount contributed by the deceased employee to the partial dependent bears to his annual earnings at the time of the injury, where a father, partially dependent on his minor son, received all the earnings of the son, there is no difference between the amount of compensation he is entitled to receive for the son's death and what a total dependent would be entitled to." In re Peters, 65 Ind. App. 174 (5, 6) (116 N. E. 848). See also People's Hardware Co. *v.* Croke, 66 Ind. App. 340 (118 N. E. 314).

But, independently of all precedent, and irrespective of a number of decisions cited by the plaintiff in error from other States, all of which have been carefully examined, we think the language of the statute, so far as applicable to the question under consideration, is plain and unambiguous, not requiring interpretation. The commission did not, in its order, misconstrue or misapply it. The superior court did not err in affirming the award.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*