50337, 50338. COMMERCIAL UNION INSURANCE COMPANY et al. v. BROCK et al.; and vice versa.

ARGUED MARCH 10, 1975 — DECIDED MAY 28, 1975.

*Savell, Williams, Cox & Angel, John M. Williams, Andrew Robert Greene,* for appellants.

*Vann & Tyson, Frank C. Vann,* for appellees.

CLARK, Judge.

In this workmen's compensation case, employer and insurer attack the judgment of the superior court affirming the board's award which granted full death benefits to partially dependent claimants of a deceased employee. The employee was 17 years of age when his

death occurred arising out of and in the course of his employment. Appellants urge reversal on two grounds: First, the award to the partial dependents should have been proportioned pursuant to Code Ann. § 114-413 (c). Second, payments made by the employee in lieu of board and lodging should have been deducted from the award pursuant to Code § 114-414 (c). In the cross appeal, claimants assign error upon the superior court's denial of their Code Ann. § 114-712 motion for attorney fees.

The sole factual question presented for determination by the board was one of dependency. Three members of the deceased employee's family claimed dependency—his mother, younger brother and younger sister. The employee lived in the family home with these claimants along with his stepfather and older sister. The stepfather, who received disability benefits, and the older sister, who was self-supporting, made no claim.

The deputy director determined that the three claimants received other income in addition to that of the employee but not in sufficient amounts to make any of them self-supporting. He therefore concluded that claimants were partially dependent upon the deceased employee. Then, in determining the proportion of partial dependency under Code Ann. § 114-413 (c), the fact finder observed: "The only evidence in the case tending to show the amount of contributions is the testimony of the mother which is to the effect that the employee turned over his entire earnings to her for the use of the family unit, and she in turn gave to him spending money as was needed by him." And he concluded: "The case law is clear on such situations where the entire earnings of the deceased is turned over to the partial dependents for the purpose of maintaining and supporting them, the contribution is considered to be the entire weekly wage. This would entitle the dependents, though partial, to the same benefits as were they totally dependent." Thus, claimants were awarded full death benefits by the deputy director despite their partial dependency. This award was adopted by the full board and, as noted above, affirmed by the superior court. *Held:*

■ One hundred percent of an employee's wages is, of course, equal to his total wages. Thus, "Under section 38

(c) [Code Ann. § 114-413 (c)], where the deceased employee contributed his *entire* wages to persons who were partially dependent upon him, there is no difference between the amount of compensation to be awarded and that which the claimants should receive as total dependents." *Maryland Cas. Co. v. Bess,* 33 Ga. App. 798 (3) (127 SE 828).

Appellants contend that the employee did not contribute his entire earnings to the claimants since his mother regularly returned a portion of his wages for spending money. Thus, appellants continue, the award should have been proportioned accordingly.

This contention is adversely controlled by *Macon Dairies, Inc. v. Duhart,* 69 Ga. App. 91 (24 SE2d 732). In that case, the deceased employee, a sixteen-year-old, contributed $3.50 a week (of the $4 earned by him) to the support of his partially dependent family. The employee's father in turn paid $1 a week towards the purchase price of a bicycle for the employee. In rejecting the employer's claim that the employee thereby contributed only $2.50 per week to his partial dependents, this court quoted approvingly from *Maryland Cas. Co. v. Bess,* 33 Ga. App. 798, 801, supra, as follows: "The fact that the decedent himself was supported out of the common fund does not alter the case. He was a minor and was entitled to be maintained at the parental domicile from the father's resources, and the father was not less dependent because a part of the funds coming in for his administration went to the support of the decedent as his minor child, among the others of his household."

In the case sub judice, the employee, a minor, was entitled to be supported out of the wages which he contributed to the common family fund. Thus, the mere fact that he regularly received pocket money out of those wages does not mean the employee contributed less than his entire wages to his partial dependents.

■ The *Maryland Casualty Co.* principle, quoted in Division 1, also disposes of appellants' second contention, that payments made by the employee in lieu of board and lodging should have been disallowed by the board in computing the proportion of partial dependency. As a minor, the cost of the employee's support should not be

deducted from his contribution to the family income. *Maryland Cas. Co. v. Bess,* 33 Ga. App. 798 (1), supra. But see Larson, Workmen's Compensation Law, § 63.22, wherein this principle is criticized.

The case of *Smith v. Travelers Ins. Co.,* 71 Ga. App. 24 (29 SE2d 709), is not in conflict with our ruling. There this court ruled that allowance must be made for the board and lodging of an *adult* son (and brother) living at home with his partial dependents.

■ We cannot say the superior court abused its discretion in denying claimants' motion for attorney fees. See *Maryland Cas. Co. v. Smith,* 122 Ga. App. 262, 264 (3) (176 SE2d 666).

*Judgments affirmed on the main appeal and cross appeal. Pannell, P. J., and Quillian, J., concur.*