MARY BALDWIN, Appellee, v. E. J. SULLIVAN et al., Appellants.

**MASTER AND SERVANT:** Workmen's Compensation Act—Dependents—Concubines.  A concubine, knowing herself to be such, may not be deemed a ''dependent,'' within the Workmen's Compensation Act, even though, at the time of the death of the man in question, he was actually supporting the woman.

**MASTER AND SERVANT:** Workmen's Compensation Act—Jurisdiction of Court—Law of Admitted Facts.  The courts have undoubted power to determine, on admitted facts, whether a party is a dependent, under the Workmen's Compensation Act.

**MARRIAGE:** Common-Law Requisites—Known Inability to Contract.  A common-law marriage may not exist between parties who mutually know that one of them has a legal spouse, living and undivorced.

Headnote 1:  Workmen's Compensation Acts, C. J. p. 57.  Headnote 2:  Workmen's Compensation Acts, C. J. p. 126 (Anno.)  Headnote 3: 26 Cyc. pp. 837, 848.

*Appeal from Pottawattamie District Court.*—LESTER THOMPSON, Judge.

JUNE 25, 1925.

REHEARING DENIED APRIL 9, 1926.

APPEAL from the decision of the district court of Pottawattamie County confirming the decision of the industrial commissioner on a claim by appellee against appellants under the Workmen's Compensation Act.—*Reversed.*

*Gurley, Fitch & West* and *Kimball, Peterson, Smith & Peterson,* for appellants.

*J. J. Hess* and *J. A. Williams,* for appellee.

ALBERT, J.—The defendant Sullivan had a ·contract with the United States government for transporting mail between the depots and post office in Council Bluffs.  One Walter Baldwin was employed as a driver.  On the 5th of July, 1921, Baldwin, while driving one of the trucks of the defendant, was shot and killed.  Application was filed by appellee, under the Workmen's

Compensation Act, and compensation awarded as prayed. As above stated, this was later confirmed by the district court; hence this appeal.

There is one lone question involved in this matter: that is, whether appellee stood in such relation to the deceased as to entitle her to claim compensation. The facts in the case are

1. MASTER AND SERVANT: Workmen's Compensation Act: dependents: concubines.

that the claimant, Mary Baldwin, was legally married to one Francis Heisel, in Riceville, Missouri, in 1883, and she bore to him several children. Difficulties having arisen between her and her husband, she left him, taking her children with her. Thereupon the deceased, Walter Baldwin, rented a house, and the appellee herein and Baldwin, in 1908, started to live and cohabit together. As the result of this relation, two children were born to them, both of whom lived but a short time. They continued to live together until the time of Baldwin's death, stepchildren having ceased to be members of the family at that time.

Heisel was living, at the time of the hearing on this matter, and was known to the appellee to be so living during all of the time of her association with Baldwin. She says that she never procured a divorce from Heisel, and that she never went through any marriage ceremony with Baldwin. When asked why she did not go through a marriage ceremony with Baldwin, she says, "I didn't have a divorce, and I didn't want to do anything like that." The evidence is undisputed that they were living together, and that Baldwin was supporting her at the time of his death.

While, of course, we have no right to review the weight of the testimony in relation to these matters, the facts being practically admitted in the case, yet we have the right to pass on

2. MASTER AND SERVANT: Workmen's Compensation Act: jurisdiction of court: law of admitted facts.

the law question as to whether or not, on the admitted facts, the appellee has shown herself to come within the provisions of the statute awarding compensation.

It is first suggested that the relation between the appellant and Baldwin was, in the eyes of the law, a

common-law marriage.   This contention deserves little consid-
eration.   The appellee was never in a position
(being the wife of Heisel) to become a party to
a common-law marriage; although the doctrine
of common-law marriage is fully recognized un-
der the decisions of this state.   Appellee seeks to aid this con-
tention, however, by a line of cases in this state (the last of ·
which seems to be *Tuttle v. Raish,* 116 Iowa 331, where all
previous cases are cited) holding, in effect, that, under certain
conditions there is a presumption of divorce from former mar-
riage relations.   This line of doctrine has no application to this
case, primarily for the reason that the presumption arises only
when the record is wholly silent on the question of a divorce.
In the instant case, however, the record is not silent on this
proposition.   She testifies that she did not get a divorce, and
did not want one.   She knew that her husband was still living,
and that, so far as she knew, no divorce had been obtained.
These facts were all equally known to Baldwin; and when the
illicit relation was assumed between them, they entered into said
relation with the full knowledge of all these facts, and so con-
tinued down to the time of Baldwin's death.   They never went
through a marriage ceremony, and the appellee was wholly in-
competent to enter into a contract making a common-law mar-
riage.   Therefore, so far as the appellee and Baldwin are con-
cerned, they were as total strangers to each other, and their
association and cohabitation must, of necessity, have been adul-
terous.

3. MARRIAGE: common-law requisites: known inability to contract.

We are, therefore, confronted with the question of whether,
under the Compensation Act, a woman who so lives in illicit re-
lations with a man can be considered a dependent, within the
meaning of the Compensation Law.   Code Section 2477-m16,
Supplement to the Code, 1913, reads as follows:

"* * * (c)   The following shall be conclusively presumed
to be wholly dependent upon a deceased employee:

"(1)   The surviving spouse, unless it be shown that the
survivor willfully deserted deceased * * *.   No surviving spouse
shall be entitled to the benefits of this act unless she shall have
been married to the deceased at the time of the injury. * * *

"(5)   In all other cases, questions of dependency in whole

or in part shall be determined in accordance with the fact as the fact may be at the time of the injury; * * *''

Appellee does not fall within the provisions of the first paragraph of this section of the statute. If she is to succeed in her claims herein, it must be by reason of Subdivision 5 of said section of the Code, above quoted; and under this section the single question is whether or not the appellee herein was a dependent of the deceased's, in such a sense as to warrant the award made to her. In 1 Schneider's Workmen's Compensation Law 898, the word ''dependent'' is defined as follows:

''A dependent, in law, is one who is sustained by another or relies for support upon the aid of another; who looks to another for support and relies upon another for reasonable necessaries consistent with the dependent's position in life. The dependency which justifies an award is personal dependency for support and maintenance—an actual dependency for support consistent with the dependent's position in life. It does not include the maintenance of others whom the dependent is under no legal obligation to maintain, or contributions which merely enable the donee to accumulate money.''

It will be noted from said quotation that, if the deceased was under no legal obligation to maintain the claimant, there is no liability. This definition has been somewhat modified by later authority, to include not only legal obligation, but moral obligation; so that, if there was no legal or moral obligation to support and maintain the claimant, no award of compensation could be made. The words ''dependent'' and ''dependency'' are nowhere defined in the act; and the definitions found in decisions in other states are of little aid in determining this question, because of a lack of similarity of the laws in the different states.

In the case of *Meton v. Industrial Ins. Dept.*, 104 Wash. 652 (177 Pac. 696), the Supreme Court of Washington had before it a set of facts similar, in some respects, to those in the case at bar. Claimant and the deceased in that case had lived together for about six years, under an erroneous belief that they were lawfully married; and it was held that the claimant was not entitled to an award on the ground of being

a dependent of the deceased's.  The case is of little aid to us, because the word "dependent" in the Washington law was specifically defined; and the court holds that the claimant there did not identify herself as one of those coming within the definition of the word "dependent," as set out in their statute.

In the case of *Temescal Rock Co. v. Industrial Acc. Com.*, 180 Cal. 637 (182 Pac. 447), the California Supreme Court had this question before it for decision.  In that case, the claimant and deceased were of foreign origin, ignorant, and unacquainted with our laws or the legal requirements of marriage.  They were both competent to enter into the marriage state, and from the county clerk of their county procured a marriage license, which they honestly believed was sufficient to constitute a lawful marriage, and continued afterward to live and cohabit together, to the death of the supposed husband.  In this case the California court held that the applicant was entitled to an award.  The case is made to turn wholly on the question of the good-faith and honest intention and belief of the parties, who were competent to enter the marriage relation, that they had done all that was necessary to make them husband and wife.

In *Scott v. Independent Ice Co.*, 135 Md. 343 (109 Atl. 117), the claimant testified that she had been living with the deceased for eight years as husband and wife, although never married.  They had two children, who survived the father, and were living with the claimant and the father as members of the family at the time of his death.  Under these facts, the court held that the claimant was not entitled to compensation, and among other things it says:

"* * * the decisions are, for the most part, in accord in holding that a woman living with an employee, as man and wife, when he died as the result of an injury, is not entitled to compensation under Workmen's Compensation Laws if not legally married to him, although dependent upon him.  Illustrations of the extent to which courts have gone in so holding may be found in *Hall v. Industrial Com.*, 165 Wis. 364 (162 N. W. 312); * * * *Meton v. Industrial Ins. Dept.*, 104 Wash. 652 (177 Pac. 696).  Those were hard cases, as the parties believed they were legally married; but the courts could not give them relief,

or refuse to be governed by the law, but had to administer the law as they found it. \* \* \* Without deeming it necessary to cite other authorities on the asserted right of the mother to compensation under this act, we are satisfied that she was not so entitled, and we have no hesitation in agreeing with the decision of the lower court as to her."

In the case of *Armstrong v. Industrial Com.*, 161 Wis. 530 (154 N. W. 844), the Wisconsin Supreme Court had before it a case where the man and woman were living together at the time of his death. The marriage ceremony had been performed between them; but the deceased, at the time of such ceremony, was incompetent to contract marriage, because he had a wife from whom he had not been divorced. It was conceded that the alleged marriage was void, and that the plaintiff was not the wife of the deceased. The sole question was whether she was a *member of his family,* within the meaning of the statute.

"However innocent the plaintiff may have been, in law her relation with the deceased was an illicit one, and we think it would be neither good law nor good public policy to hold that such a relation established a family relation.\* \* \* What we hold is that living with a man as his wife, where there is no marriage, does not create a family relation, within the meaning of the statute. We think it was intended to cover legitimate, and not illicit, ties. It is not material that plaintiff may have been dependent on the deceased for her support, because she is not entitled to recover unless she was a member of his family; and cases holding that a woman living in adulterous intercourse with a man may be dependent on him for support are not in point."

To the same effect is *Roberts v. Whaley,* 192 Mich. 133 (158 N. W. 209). Some light may be thrown on this by the decisions of the various courts under insurance policies where the policy is payable to "dependent." We had this question before us in the case of *Bush v. Modern W. of A.,* 182 Iowa 515, where, in discussing the word "dependent," at page 539, we said:

"The authorities hold that, before one can recover under a certificate of this kind as a dependent, it must appear that she

was dependent in some material degree for support or mainte-
nance or assistance, and that there must be an obligation to
render this, either moral, legal, or equitable.''

Aside from the cases therein cited to the same effect, are
*McCarthy v. Supreme Lodge N. E. O. of P.*, 153 Mass. 314 (26
N. E. 866); *Kult v. Nelson*, 24 Misc. Rep. 20 (53 N. Y. Supp.
95); *Di Messiah v. Gern*, 10 Misc. Rep. 30 (30 N. Y. Supp.
824); *Green v. Green*, (Tex. Civ. App.), 235 S. W. 980; *Moore
Shipbuilding Corp. v. Industrial Acc. Com.*, 185 Cal. 200 (196
Pac. 257); *Meton v. Industrial Ins. Dept.*, 104 Wash. 652 (177
Pac. 696); *Scott v. Independent Ice Co.*, 135 Md. 343 (109 Atl.
117); *Hall v. Industrial Com.*, 165 Wis. 364 (162 N. W. 312);
*Armstrong v. Industrial Com.*, 161 Wis. 530 (154 N. W. 844).

From the review of this line of authority, we are led to
the conclusion that, under the circumstances of this case, the
appellee was not the surviving spouse of the deceased. She was
at no time his wife. While he contributed to her support
and supported her, he was at no time—nor was he at his death
—under legal or moral obligation to support her. The statute,
as we view it, was to provide for the family of the deceased and
those lawfully dependent upon him, and not otherwise.—*Re-
versed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.