16205.   MARYLAND CASUALTY COMPANY v. CAMPBELL.

JENKINS, P. J.   1. The Georgia workmen's compensation act provides, where death follows an injury to an employee, that those entitled to compensation shall have been wholly or partly "dependent upon his earnings for support at the time of the injury," and that "questions of dependency, in whole or in part, shall be determined in accordance with the facts as the facts may be at the time of the accident, . . and no compensation shall be allowed, unless the dependency existed for a period of three months or more prior to the accident." Ga. L. 1920 (sections 38 (b), (c), 39), pp. 188-190; Park's Code Supp. 1922, § 3254 (11), (mm). The question of dependency is one of fact, to be determined according to the facts and circumstances of each particular case, from the amounts, frequency, and continuity of actual contributions of cash or supplies, the needs of the claimant, and the legal or moral obligation of the employee. While, under the act, "dependency" must have actually existed "at the time of the accident" and also "for a period of three months or more prior to the accident," physical contributions of cash or supplies are only evidential of such dependency, and the fact that such physical contributions were temporarily interrupted by unemployment or some cause independent of the will and desire of the employee, and were not made continuously for three months immediately preceding the injury, will not of itself necessarily negative dependency, where it otherwise appears, from the evidence, that for several years before the employee left the home of his claimant mother, two months and nine days prior to the accident, he regularly and continuously contributed one half of the amount necessary for her support, by buying her groceries, in the sum of $10 to $12.50 a week, that he left home for another city merely to obtain employment and money, that at the time of leaving he arranged with his mother to continue his contributions, and during his absence his mother continued to purchase and use groceries according to previous practice, under which he had either paid the grocer directly or had given her the necessary money therefor, that at the time he left home he also promised to send money back, that, six days before the accident, a letter from him was written and received, stating that he expected to come home in three weeks and would bring her some money, and that previously during similar temporary unemployment or absences he always made his grocery payments. Under this evidence, the commission was authorized to find that dependency existed within the meaning of the statute, and the superior court, on the appeal of the insurance carrier, did not err in affirming such a finding. See Millers' Indemnity Underwriters v. Green (Tex. Civil App.), 237 S. W. 979; ex parte Jagger Coal Co., 211 Ala. 11 (99 So. 99); 20 Neg. & Comp. Cases, 674; case notes, 30 A. L. R. 1253-1256; *Fuller* v. *Inman*, 10 *Ga. App.* 680 (1), 686 (74 S. E. 287); 1 Schneider Workmen's Compensation Law, pp. 869, 926, 927; 1 Honnold on Workmen's Compensation, pp. 224, 256, 269.

2. Exception is taken to the amount of the award by the commission of $3.91 per week for 300 weeks as unsupported by evidence, and it is contended that the correct amount should have been $2.98 per week. Under section 38, subdivisions b and c, of the act as amended, and

section 30, the findings of the commission on which its award was based appear to have been fully authorized, and its calculation therefrom correct.     *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 9, 1925.

Appeal; from Fulton superior court — Judge Humphries.   December 17, 1924.

*Underwood, Pomeroy & Haas,* for plaintiff in error.

*E. O. McCord & Son, Dorsey, Brewster, Howell & Heyman,* contra.

*Judgment affirmed. Stephens and Bell, JJ., concur.*