16753. TRAVELERS INSURANCE CO. *v.* WILLIAMSON, guardian.

Under the Georgia workmen's compensation act a child under eighteen years of age is conclusively presumed to be wholly dependent on the parent, and is therefore entitled to compensation for the homicide of

Workmen's Compensation Acts, C. J. p. 40, n. 95; p. 55, n. 23.

the parent in accordance with the provisions of the statute. The clause of the act providing that the term "child" as thus used shall include "stepchild" and that the term "parent" shall include "step-parents" is to be liberally construed as enlarging the sphere of conclusive dependency in favor of such a child, so as to include a right which would not otherwise conclusively exist. The provision is not to be construed as intended to exclude by unnecessary implication a plainly established claim for the homicide of an actual parent.

DECIDED MARCH 12, 1926.

Appeal; from Chatham superior court—Judge Meldrim. July 27, 1925.

Application for certiorari was denied by the Supreme Court.

The judgment of the commissioner before whom the case was first tried was adverse to the claimant, being based on the theory that although the defendant insurance company had accepted premiums upon the risk assumed on account of the employment of the claimant's actual parent, the act did not intend to provide double indemnity for the child; and that, since under it the child would be entitled to compensation for the homicide of the step-father, who became the substituted parent by the terms of the act, he could not claim additional compensation as a dependent of his actual father. This ruling was reversed by the full commission. In the judgment rendered by the full commission it is stated that they can not agree with the theory that when the claimant's mother remarried, the stepfather took the place of the natural father so far as any rights to compensation to the minor children were concerned. They go on to say: "The commission does not believe that it was the intention of the act to deprive a natural child of the compensation for the death of the father when minor children are conclusively presumed to be dependent upon the deceased parent, even though at the time of the death of the father this natural child was living with a stepfather." In this judgment they argued their conclusion as follows: "Even though these children were living with and being supported by their stepfather, in no way was the relation of the children to their natural father changed. Under the common law the father is obligated to support his minor children, even though they may not be living with him, and he could have been required to do so had such been desired. The common-law provisions are in no way changed by the workmen's compensation act where there is no conflict, and they do not conflict in this case. We think it far-fetched to say

that although under the law these children could have been included under compensation as dependents of their stepfather, they can not secure compensation as the result of the death of their natural father."

On certiorari the superior court sustained the judgment of the commission, and Judge Meldrim entered a judgment which sufficiently indicates the facts of the case, as follows: "Carter was the servant, Otto the master, the Travelers Insurance Company the insurer. Carter died from an injury which arose out of and in the course of his employment. Carter left two children of which Mrs. Williamson was the guardian. This action is brought by the guardian against Otto, employer, and the insurance company as insurance carrier. Mrs. Williamson, formerly Carter, had obtained a divorce from Carter and married Williamson. By the divorce decree the custody of the children was given to Mrs. Carter, now Mrs. Williamson, and Carter was decreed to pay $60 per month alimony. Williamson, his wife, and the two children lived together. Carter continued to pay $60 per month for the support of the children. 'Their father took care of them in their schooling and gave more than $60 a month, sometimes as much as twenty and twenty-five dollars a week.' (Evidence of Mrs. Williamson, p. 2.) The insurance carrier refuses to pay the guardian, on the ground that the children were not dependents on Carter, their lawful father, but on Williamson, their stepfather. The commission did not sustain this contention, but rendered judgment in favor of the guardian. From that judgment there is an appeal to this court. The insurance carrier received the premiums, and agreed to compensate the widow and children of Carter, either or both, as the case might be. It has escaped compensation to Mrs. Williamson, because she was not the widow of Carter. It now seeks to avoid compensation to his children, on the ground that, their mother having divorced Carter and married Williamson, they became dependent on their stepfather. This contention is founded on section 39 of the Georgia compensation act, which provides that the term 'parent' shall include 'step-parent.' The true construction of this statute is that, if a stepchild is dependent on his stepfather, and the stepfather is killed or injured, then, for the purpose of this remedial statute, the stepfather should stand in law as he stood in fact, in place of the lawful parent. In the

instant case the children were dependent on Carter, their father, and he was contributing to their support. To sustain the contention of the insurance carrier would be to relieve it from paying compensation to any one, notwithstanding the. fact that there had been no breach of the contract of insurance by either the insured or the beneficiaries. It could not have been the legislative intent to do this absurd thing. To commit this absurdity is to uproot the law of parent and child and to sever the ties of affection and dependence that bind them. The award of the commission is affirmed."

The part of section 39 of the workmen's compensation act relevant to a determination of the question raised in the instant case is: "that the compensation provided for in section 38 shall be payable only to dependents and only during dependency. The following persons shall be conclusively presumed to be the next of kin wholly dependent for support upon the deceased employee: (a) A wife upon a husband whom she had not voluntarily deserted or abandoned at the time of the accident. (b) A husband upon a wife with whom he lived at the time of her accident if he is then incapable of self-support and actually dependent upon her. (c) A boy under the age of eighteen, or a girl under the age of eighteen upon a parent. If a child is over the ages specified above, but physically or mentally incapacitated from earning a livelihood, he or she shall be presumed to be totally dependent. As used in this connection, the term 'boy,' 'girl,' or 'child' shall include stepchild, legally adopted children, posthumous children, acknowledged illegitimate children, but shall not include married children; the term 'parent' shall include step-parents and parents by adoption."

*Harry L. Greene, McDaniel & Neely,* for plaintiffs in error.

*Bouhan & Atkinson, D. S. Atkinson,* contra.

JENKINS, P. J. (After stating the foregoing facts.) The ruling set forth in the syllabus may not be altogether. free from doubt and difficulty. We do not think that a dependent can recover under the workmen's compensation act except by virtue of rights and remedies therein provided. Section 12 of the act provides that "the rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and rem-

edies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise on account of such injury, loss of service or death." The act does not purport to define dependents, or specifically to fix and determine the persons who, as such, are entitled to the benefits conferred, except as to certain persons who are declared to be conclusively presumed to be such. Among this class are children under eighteen years of age, including stepchildren. As to other persons, whose dependency is not thus fixed and determined as a matter of law, the act provides that "questions of dependency, in whole or in part, shall be determined in accordance with the facts as the facts may be at the time of the accident." *Maryland Casualty Co.* v. *Campbell,* 34 *Ga. App.* 311 (129 S. E. 447). In cases other than those in which dependency exists per se, and in which the claimant is required to make proof of such condition, it might well be that among the elements that are indicia of a state of dependency, account could properly be taken of a legal obligation to support (see case note, 13 A. L. R. 687), still, in a case in which we are dealing with the rights of a child under eighteen years of age, it would clearly seem that the question of dependency, including the question as to whom he is dependent upon, is governed entirely by the terms of the act. Consequently, it does not follow, even though it be assumed under the law as it now is that the father in the instant case may have continued to be charged with the legal obligation to support and maintain the claimant child (*Brown* v. *Brown,* 132 *Ga.* 712, 64 S. E. 1092, 131 Am. St. R. 229; *Hall* v. *Hall,* 141 *Ga.* 361, 80 S. E. 992), and even though no such common-law obligation rested upon the stepfather (*Marshall* v. *Macon Sash &c. Co.,* 103 *Ga.* 725, 30 S. E. 571, 41 L. R. A. 411, 68 Am. St. R. 140; *Melvin* v. *Melvin,* 129 *Ga.* 42, 58 S. E. 474), that the child must therefore be adjudged a dependent of the father within the meaning of the act, that being a question which is to be determined by the provisions of the statute itself. If, therefore, the statute should be construed to provide that in cases where a stepfather exists, the dependency of the child is shifted from a living father to the stepfather, then and under such a construction the child could not recover compensation on account of the homicide of the father. This is true for the reason that the act itself regulates the liability and specifi-

cally declares that compensation of this character "shall be payable only to dependents and only during dependency" (§ 39).

The question, then, as we see it, resolves itself simply into a construction of the statute in order to determine upon whom it is conclusively presumed that the child is wholly dependent. If the true intent and purpose of the statute was to provide that whenever the child had both a living father and a stepfather a conclusive presumption of the entire dependency upon the stepfather should be substituted in lieu of the previous presumption of such dependency upon the real father, the claimants could not recover, and under such a construction the capable commissioner, Mr. Kilburn, would have been correct in holding that "when Mrs. Carter married Williamson and took the children to live with her, he became the stepfather of the children, and under the compensation act he became the 'parent' of the children, and also, under the act, they became his dependents. The fact that their natural father might at times have given them money would not establish dependency on him." The last sentence would be true for the reason that in dealing with a child under eighteen years of age the act, and not the facts, establish dependency. There is some authority tending to sustain the view just stated. The principal case relied upon by counsel for plaintiff in error is Hoover v. Central Iowa Fuel Co., (Iowa) 176 N. W. 945. The syllabus in that case is in part as follows: "In enacting the workmen's compensation act the legislature could, if it saw fit, provide for double dependency, or could deny compensation to any one for the death of an injured employé, so that the act is to be construed to determine what the legislative intent was. Under Code Supp. 1913, § 2477m16, providing that a child under 16 years of age is conclusively presumed to be wholly dependent upon a deceased employé and that stepparents shall be regarded in the act as parents, . . a child whose natural father was killed, but who at the time was living with her stepfather, is not entitled to share in the compensation." It will be observed, however, that the court, in holding that under the terms of the Iowa statute the stepfather was substituted for the father as being the one upon whom the child was conclusively presumed to be dependent, based the ruling upon a provision different from that contained in the Georgia statute. The provision

in the Georgia statute is that "as used in this section . . the term 'parent' shall include step-parents." The Iowa statute provides that "step-parents shall be regarded in the act as parents." The latter provision could far more reasonably be construed as words of substitution than could the former. If the clause in the Iowa statute had read "step-parents shall be regarded in this act as *the* parents," it would seem to demand such a construction. The Georgia statute, however, contains a very different provision. The Georgia provision is one of inclusion, not of exclusion. There must be the idea of exclusion, in order to import a substitution. The provision of the Georgia statute is that while such compensation shall be payable only to dependents, a child under the age of eighteen is conclusively presumed to be wholly dependent upon a parent, the term parent to include step-parents. In statutes of other States which did not contain the stepfather clause, the courts have determined that no presumption of dependency upon a stepfather was declared. The manifest purpose of the clause would seem to have been to extend the sphere of conclusive dependency so as to *include* a step-parent. In order to do so, as the Iowa case itself adjudges, it was not necessary to *exclude* the real parent. Subsection (c) § 39 of the Georgia statute, itself establishes double dependency upon both the father and the mother. See also Decker *v.* Mohawk Mining Co., (Pa.) 109 Atl. 275. Our Supreme Court has held that the Georgia workmen's compensation act is a remedial statute and should be liberally construed. *Van Treeck* v. *Travelers Ins. Co.,* 157 *Ga.* 204 (121 S. E. 215). It would seem anything but a liberal construction to read into a phrase of inclusion the merely implied and altogether unnecessary effect of exclusion. There is no possible doubt that the act gives to the child compensation for the homicide of his father. It would seem to be an extremely harsh, rather than a liberal, construction of the statute to nullify unnecessarily by implication a plainly established right in favor of the child, and this by reason of a clause which, in dealing with his rights and remedies, appears on its face to extend rather than to restrict, to include rather than to exclude. It may possibly be that the legislature in inserting the stepfather clause had in mind what might be the usual and ordinary acceptation of the word, and meant only to deal with the contingency where a widow, having children, remarries. It may possibly be

that they did not intend to deal with a situation created by divorcement, and where the child would be considered to have both a real father and a stepfather; and that all they sought to do was to create a conclusive presumption as relating to a stepfather of an orphaned child. Whether the husband of a woman is really the stepfather of her child whose natural father is living is a question that need not be determined. It might, perhaps, be suggestive to note that the word "step," when thus used, is "derived from the Anglo-Saxon *steop,* orphaned." Standard Dictionary. But, as stated, we do not pass upon that question, since under a liberal construction of the statute it might well be that a double dependency was intended to be established. What we hold is that the stepfather clause can not reasonably be construed—and especially so under a liberal construction of the act—to exclude by an unnecessary implication a plainly established claim for the homicide of an actual parent, but that it merely enlarges the sphere of conclusive presumption in favor of the child by including a right which would not otherwise conclusively exist. See, generally, McClain *v.* Kingsport Imp. Corp., 147 Tenn. 130 (245 S. W. 837); Evans *v.* Evans, 125 Tenn. 112 (140 S. W. 745); Industrial Commission *v.* Drake, 103 Ohio St. 628 (134 N. E. 465); Panther Creek Mines *v.* Industrial Commission, 296 Ill. 565 (130 N. E. 321). *Judgment affirmed. Stephens and Bell, JJ., concur.*