17935.   MARYLAND CASUALTY COMPANY *et al.* v. BARTLETT.

STEPHENS, J. 1. The compensation payable under the workmen's compensation act is in the nature of compensation for pecuniary loss sustained by the claimant resulting from the death of a person who in a pecuniary way applies his labor and services to the support of the claimant; and since such pecuniary loss results from the death of the person upon whom the claimant is dependent for pecuniary contributions, there is no substantial difference, under the compensation act, between a claim for "compensation" and one for damages for "lost services." One is ·tweedledum and the other is tweedledee. A claim filed with the industrial commission, praying for a sum of money for "lost services," is a claim for compensation under the act.

2. Where it° appears that the father, who is the head of the family, is in fact dependent upon his minor child, an award of compensation to the father for the death of the child is not invalid as being for the father and the use of himself and his wife and another minor child. Ga. L. 1920, p. 188, sec. 39.

3. Section 59 of the workmen's compensation act provides that a judge of the superior court may, on the hearing of an appeal from an award made by the industrial commission, recommit the case to the commission for "further hearing on proceedings in conformity with the judgment and opinion of the court." A judgment so recommitting the case sufficiently indicates the question for determination on another hearing before the industrial commission where it recites that "the

Workmen's Compensation Acts, . . C. J. p. 55, n. 21; p. 56, n. 28 New; p. 106, n. 50; p. 125, n. 68; p. 126, n. 75 New.

evidence is insufficient to establish dependency for a period of three months prior to the injury," and that "the evidence is not sufficiently definite and clear as to expense of last illness and funeral bills, and the commission shall also receive testimony as to these amounts." *Austin Bridge Co.* v. *Whitmire,* 31 *Ga. App.* 560 (121 S. E. 345) ; *Maryland Casualty Co.* v. *Campbell,* 34 *Ga. App.* 311 (129 S. E. 447).

4. Where an appeal from an award is sustained on account of insufficiency of the evidence to sustain the award, and the case is recommitted to the industrial commission under an order pointing out an insufficiency in the evidence and affording the claimant an opportunity to present additional evidence to supply sufficient evidence, the order of recommittal will be affirmed, where it does not appear that the facts essential to support the award, which are lacking in evidence to support them, are affirmatively disproved. Where the evidence shows, without dispute, that the employee for whose injury or death compensation is sought had been employed for a period less than three months prior to the accident, the evidence does not affirmatively disprove the fact of dependency for three months, as required under § 39 of the workmen's compensation act as a condition to the allowance of compensation. Dependency, as contemplated in the act, does not arise solely by reason of the employment of the employee and the contribution by him from his wages to the support of the claimant, but may arise otherwise, as out of services rendered to the claimant by the employee, who is his child, in work about the home. *Lumbermen's Reciprocal Association* v. Warren (Texas), 245 S. W. 604.

5. It does not affirmatively appear that dependency or expenses incurred on account of the sickness of the employee or the amount of funeral expenses can not be established. The judgment recommitting the case for a new hearing by the industrial commission upon the questions indicated in the judgment must be affirmed.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
>
> DECIDED MARCH 3, 1928.

Appeal; from Fulton superior court—Judge Pomeroy. December 13, 1926.

*Underwood & Haas, E. Smyth Gambrell,* for plaintiffs in error.
*H. W. McLarty, Hendrix & Buchanan,* contra.