## ATKINSON *v.* ATKINSON *et al.*

DECIDED AUGUST 16, 1933.

*Harrison E. Barringer, Harry L. Greene, McDaniel, Neely & Marshall,* for plaintiff in error.

*Fred A. Gillen, W. Neal Baird,* contra.

JENKINS, P. J.  An employee received an injury by accident on May 18, 1931, at which time he had an eight-year-old daughter. He died from the injury on March 5, 1932.  He had been paid compensation under the workmen's compensation act from May 25, 1931, until August 3, 1931, when he returned to his work.  Compensation was resumed on January 29, 1932, and continued until February 26, 1932.  On September 20, 1931, four months and two days after the accident, and after he had resumed his work, he remarried.  Upon the conflicting claims of the daughter, through her guardian, and the wife, based upon opposite constructions of sections 38 and 39 of the act, the full board of the Department of Industrial Relations affirmed the previous award of Director Whitaker, excluding the wife, and allowing the entire compensation to the daughter of $12.75 a week, beginning February 26, 1932, and continuing for not over 300 weeks from May 18, 1931.  The superior court on appeal reversed this award in part, so as to allow the wife to share equally with the daughter.  The facts are not in dispute.

1.  Under the workmen's compensation act, unmarried minor children under the age of eighteen (including a stepchild, legally adopted child, posthumous, or acknowledged illegitimate child) "shall be conclusively presumed to be  . .  wholly dependent for support upon the deceased employee."  Ga. L. 1920, p. 188, secs. 39, 39(c) ; Michie's Code, § 3154-(39c) ; *Travelers Ins. Co.* v. *Will-*

*iamson,* 35 *Ga. App.* 214, 218 (132 S. E. 265). Likewise, under the act, a wife who had not voluntarily deserted or abandoned her husband at the time of the accident is conclusively presumed to have been wholly dependent for support upon such employee. *Ocean Accident & Guaranty Cor.* v. *Council,* 35 *Ga. App.* 632 (134 S. E. 331). As to those other than such children, wife, and husband, as described by section 39 of the act, whose dependency is not thus fixed and determined as a matter of law, the act provides that "in all other cases questions of dependency, in whole or in part, shall be determined in accordance with the facts as the facts may be *at the time of the accident,"* and dependency also must have existed for at least three months before the accident. *Travelers Ins. Co.* v. *Williamson,* supra; *Maryland Casualty Co.* v. *Campbell,* 34 *Ga. App.* 311 (129 S. E. 447) ; *Barnett* v. *American Mut. Ins. Co.,* 40 *Ga. App.* 800 (151 S. E. 537).

2. While it has been held that the compensation act and its amendments, "though in derogation of the common law, being highly remedial in character, should be liberally and broadly construed to effect their beneficent purposes" (*New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682, 118 S. E. 786; *Van Treeck* v. *Travelers Ins. Co.,* 157 *Ga.* 204, 121 S. E. 215), at least "as between the master and the servant," if not as "to the scope of the act with respect to others" (*Hotel Equipment Co.* v. *Liddell,* 32 *Ga. App.* 590, 124 S. E. 92), yet this act embodies within itself a complete code of laws upon the subject." *Porter* v. *Liberty Mutual Ins. Co.,* 46 *Ga. App.* 86 (166 S. E. 675). Thus complete within itself as to its own subject-matter, it excludes from consideration other statutes of the State with regard to the inheritance of a wife from her deceased husband, in determining whether or not the wife is entitled to share as a dependent in the award of compensation for his death as provided under the act.

3. The fact that section 39 and its subdivision (a) of the act provide that a wife who had not voluntarily deserted or abandoned her husband at the time of the accident is conclusively presumed wholly dependent upon the husband for support does not ipso facto confer upon one who became, after the accident, the wife of the person injured the right to the compensation provided by other sections of the act, upon the theory that she, not having "deserted or abandoned" him prior to his accident (although not then his

wife), is conclusively presumed not only to be "wholly dependent," but also entitled to compensation as such dependent. Other sections of the law, expressly governing the determination of questions of dependency and the right of compensation, must be construed with the section quoted.

4. Section 38(b), as to total dependency, provides that "the employer shall pay the dependents of the deceased employee, wholly dependent on his earnings for support *at the time of the injury*, a weekly compensation" in the amount and for the period stated. Subsection (c), as to partial dependency, fixes the question of their dependency on the employee as *"at the time of his injury."* Subsection (d) provides that the maximum of 300 weeks compensation to all dependents is to continue *"from the date of the injury."* Subsection (e), relating to any alien dependents, provides that the question of their alienage is to be determined by whether they were "citizens of or residing *at the time of the accident* in the United States or Dominion of Canada." The Department of Industrial Relations therefore properly construed the act, in awarding the entire compensation to the eight-year-old daughter of the deceased employee and in excluding the wife, who did not marry him until after the accident, although her marriage appears to have been in good faith while he was at work following a suspension of the compensation which he had been receiving after his injury. Nearly all of the decisions of other jurisdictions that have similar statutes accord with this conclusion. Gleason's case, 269 Mass. 583 (169 N. E. 409); Bott's case, 250 Mass. 152 (119 N. E. 755); Kuetbach *v.* Industrial Com., 166 Wis. 378 (165 N. W. 302, L. R. A. 1918F, 476, 492, notes); Foster *v.* Dept. of Labor, 151 Wash. 54 (296 Pac. 148, 73 A. L. R. 1012); Casady *v.* State Ind. Com., 116 Or. 656 (242 Pac. 598); Dahlquist *v.* Nevada Industrial Com., 46 Nev. 107 (206 Pac. 197, 207 Pac. 1104).

5. Defendant in error relies upon the language of this court in *Georgia Power &c. Co.* v. *Patterson*, 46 *Ga. App.* 5 (166 S. E. 256), as follows: "The question of dependency arises, under the act, on the death of the employee," and contends that this announces and decides as the law that the question of dependency must be determined *"as of the time of the death of the employee,"* and not as of the time of the injury. No such question, however, was before the court in that case. The only matter dealt with in

348

that division of the syllabus was whether dependents would be barred from claiming compensation because, as the court said, the deceased, in his application for the employment, stated that he had no dependents. It was held that the right of dependents to compensation is not subject to restriction or extinguishment by the employee during his lifetime. Immediately preceding this holding is the language quoted,—"The question of dependency arises, under the act, on the death of the employee,"—and following this is a statement which makes clear its purport and meaning: "and every contract of employment made subsequent to the act shall be presumed to have been made subject to the provisions thereof, unless the act has been rejected as above stated." The word "on" was used synonymously with "after," and the ruling was in effect nothing more than a holding that since the question of dependency under the compensation act can not arise until after the death of the employee, he can not bar his dependents by his own acts during his lifetime, every contract of employment being presumed to have been made subject to the provisions of the act. Nothing in that decision bears upon the question involved in the present case.

*Judgment reversed. Stephens and Sutton, JJ., concur.*