32772.   ZACHERY *v.* ROYAL INDEMNITY COMPANY *et al.*

DECIDED DECEMBER 5, 1949.   REHEARING DENIED DECEMBER 19, 1949.

*Dobbs & McCutchen,* for plaintiff.
*W. Neal Baird, Neely, Marshall & Greene,* for defendants.

TOWNSEND, J. (After stating the foregoing facts.) At the time of the initial hearing before the Board of Workmen's Compensation, more than a year had elapsed since the death of the employee. No claim had been filed for death benefits other than that of the decedent's mother, and all other claims were then barred by the statute of limitations. It is apparent that, had the wife filed her claim within the statutory period, she would have been entitled to the death benefits allowable under the act; and had there been no wife, the mother would have been entitled to such benefits. The precise question is whether, in the absence of a claim by one primarily entitled to compensation under the law, the claim of a person secondarily entitled to benefits may be considered and adjudicated.

In *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682, 689 (118 S. E. 786), it was held: "The compensation acts, though in derogation of the common law, being highly remedial in character, should be liberally and broadly construed to effect their beneficient purposes." Counsel for the plaintiffs in error contend that Code § 114-414, which states in part that, "if the deceased employee leaves a dependent surviving spouse . . and no dependent child or children, the full compensation shall be paid to such spouse," demands a finding that the classes of dependents enumerated in the act are mutually exclusive, and are determined as of the time of the accident. This sentence, however, when liberally and broadly construed to effect the beneficent purposes of the Workmen's Compensation Law, as required, means that full compensation shall be paid to such spouse provided a proper claim is interposed therefor. In like manner, that part of the same section which declares that the wife and other dependents listed therein are "conclusively presumed" to be "totally dependent" is intended to set a schedule of priorities among claimants who are otherwise eligible for benefits, but does not purport to award benefits to claimants who, for some other reason, are not eligible to participate in the distribution of benefits.

A widow who has not deserted or abandoned her husband is conclusively presumed totally dependent, and is therefore eligible for an award, so far as dependency is concerned. This right becomes fixed as of the time of the accident. See *Atkinson* v. *Atkinson*, 47 *Ga. App.* 345 (170 S. E. 527). Whether she is

entitled to the award, however, depends, not alone upon status and dependency, but upon enforcement of the right in the manner provided by law, and includes, as a condition precedent, the filing of a claim within one year of the death. Code, § 114-305. Unless she does this, her claim is forever barred. On the other hand, the liability of the employer becomes fixed upon the death of the employee, and he is bound to pay the death benefits under the act, provided that it is made to appear that the death arose under circumstances held to be compensable, that he was subject to the provisions of the act, and that a valid claim was filed within the period of limitation on behalf of one entitled to compensation under the terms of the law. Although the exact question here has not previously arisen in this State, similar cases in other jurisdictions have been thus construed. Even these cases are not directly in point with the case at bar, but an examination of the annotations in 105 A. L. R. 1232 et seq., discloses that workmen's compensation acts throughout this country are generally construed liberally in favor of those classes of beneficiaries who are secondarily entitled to recover compensation, in the absence of a claim interposed in behalf of primary beneficiaries. In Allen *v.* St. Louis-San Francisco Ry. Co., 338 Mo. 395 (90 S. W. 2d, 1050, 105 A. L. R. 1222), it was held that an examination of the act reveals that, by its terms, it created a liability upon the part of the employer in instances where the death is caused by an injury accidentally received by such employee in the course of his employment, for a total death benefit to be ascertained by the commission in the manner and basis in said act set out.

In 71 Corpus Juris, Title, *Workmen's Compensation*, § 302, it is stated: "A statute conditioning the right of the parent to compensation for death of a child on the child's leaving no widow, widower or child of his own is construed to mean no widow, widower or child entitled to compensation under the act, so that the parent's right is not barred by the child's leaving a widow, provided the widow is not entitled under the act." We must, therefore, hold that, while the fact of dependency is determined as of the time of the accident, the fact of eligibility must be determined as of the date of hearing. For instance, both a mother and a widow may be dependent on the date of the ac-

cident.· Both may file claims. In such circumstances, the widow at the time of the hearing is the one eligible for compensation. However, should the widow have died or remarried after she filed a claim and before such hearing, then and in that event the mother would be eligible for the compensation. The widow here at the time of the hearing, through her waiver of her rights, had become ineligible for compensation. The liability of the employer and carrier had become fixed at the time of the death of the employee to pay the compensation to the claimant who was next in line for benefits and who was otherwise eligible to receive the same, in this case the mother claimant.

The decisions relied on by counsel for the defendant in error under the homicide statutes are not applicable here, because the right to recover for wrongful death on a common-law action is in derogation of the common law, and it has been held that these statutes must be strictly construed. *Smith* v. *Hatcher,* 102 *Ga.* 158 (29 S. E. 162); *Marshall* v. *Macon Sash, Door & Lumber Co.,* 103 *Ga.* 725 (30 S. E. 571); *Georgia R. & Bkg. Co.* v. *Spinks,* 111 *Ga.* 571 (36 S. E. 855). On the other hand, as was stated in *Atkinson* v. *Atkinson,* supra, the Workmen's Compensation Law "embodies within itself a complete code of· laws˜upon the subject. *Porter* v. *Liberty Mutual Ins. Co.,* 46 *Ga. App.* 86 (166 S. E. 675). Thus complete within itself as to its own subject-matter, it excludes from consideration other statutes of the State with regard to the inheritance of a wife from her deceased husband, in determining whether or not the wife is entitled to share as a dependent in the award of compensation for his death as provided under the act."

In a case of this kind, a situation might arise where an employee might be killed in an accident under circumstances authorizing compensation under this law; where he would leave a widow, conclusively presumed to be totally dependent upon him, who would be entitled to the compensation if she should claim it; where such deceased might also leave a mother totally dependent upon him; and where the mother might immediately after his death file a claim for compensation, at which time the widow would not be barred. Where such circumstances are made to appear, it would be the duty of the Workmen's Compensation Board to defer action on the claim of the mother until

after the widow became ineligible for compensation by being barred by the statute of limitations, or the board has conclusive evidence before it that she waived her right to workmen's compensation or otherwise becomes ineligible.

There being no claimant here other than the mother eligible to receive benefits under the provisions of Code § 114-414, and there being evidence from which the board was authorized to find that the mother was in fact totally dependent upon her deceased son, the judge of the superior court erred in reversing the award of the Board of Workmen's Compensation finding in favor of the mother claimant.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*