# Blue Diamond Coal Co. v. Hensley, et al.

November 17, 1950.

J. S. Forester, Judge.

James Sampson and Edward G. Hill for appellant.

George R. Pope for appellee.

JUDGE KNIGHT—Reversing.

John H. Hensley alias John H. Pace was accidentally killed on September 4, 1943, while employed in one of appellant's mines in Harlan County. Appellee, claiming to be his widow, filed with the Workmen's Compensation Board on September 9, 1943 a claim for compensation for his death. At the hearing before the referee a stipulation was filed covering all questions necessary to a recovery except the question as to whether or not appellee is the widow of deceased and was dependent upon him at the time of his death. Since all factors essential to maximum recovery were thus stipulated and conceded, the only question in all the hearings before the Board was this question of legal relationship to deceased. After hearing only the testimony of appellee and before any testimony was taken by appellant, apparently in violation of Rule 6 of the Workmen's Compensation Board, the Board on September 5, 1944, entered an order submitting the case for opinion and judgment.

On motion of appellant, the Board, on September 19, 1944, set aside as premature the order of submission of September 5, 1944. In the meantime, on September 11, 1944, appellee had taken and on that day filed as additional evidence the testimony of three more witnesses. Without any order resubmitting the case, so far as the record shows, and without any proof having been taken or filed by the appellant, Hon. W. E. Begley, referee of the Board, on December 5, 1944, rendered an opinion and award by which he awarded to appellee $12 per week for 400 weeks, not to exceed $4800, and burial expenses of $150. On December 8, 1944, appellant filed its application for a full Board review and a motion to set aside the award of the referee and, on December 19, 1944, the Board entered an order setting aside the referee's award of December 5, 1944. After this was done, towit on December 13, 1944, appellee took further proof and filed the depositions of four additional witnesses.

Without any testimony having been taken by appellant and without any order of submission, so far as the record shows, the case came into the hands of a member of the Board, Hon. Claude L. Hammons, and, on March 20, 1945, he filed as a full Board review an opinion and award by which appellee was again awarded $12 per week for 400 weeks and $150 burial expenses. Appellant then filed a motion to re-open and set aside the full Board review of March 20, 1945, that is, the Hammons' opinion and award, and, on April 3, 1945, the Board entered an order setting aside the full Board review of March 20, 1945, and in that order allowed appellee 30 days to complete her proof, appellant 30 days thereafter to complete its proof and appellee 10 days thereafter for rebuttal. This time was further extended by agreement and all the evidence, including appellee's rebuttal was filed by August 20, 1945, and, on September 4, 1945, an order was entered submitting the case. On December 4, 1945, with the evidence all filed, another referee, Hon. C. H. Bruce, filed an opinion and award in which he awarded appellee $12 per week for 400 weeks and $150 burial expenses. Within the seven day period appellant filed its application for a full Board review and, on February 5, 1946, the Board, this time through Board member Hon. E. Poe Harris, entered an opinion and award reversing the opinion and award of the referee and holding that "no marriage license was ever issued to the claimant and the deceased employee; that they never went through a marriage ceremony; that at the inception of and throughout their relationship the deceased had a living wife, to the personal knowledge of the claimant; that the relationship between the claimant and the employee was adulterous. and by them so known to be at all times." The award of the referee was withdrawn and appellee's claim was denied.

Within the twenty-day period appellee appealed the case to the Harlan Circuit Court and the case was submitted on appropriate pleadings and on the record. On May 4, 1949, a judgment was entered reversing the last full Board review of February 5, 1946. It is from this judgment that appellant prosecutes this appeal.

Reversal is sought by appellant on the ground that the last award of the Board of February 5, 1946, which

it contends is the only legal one, is supported by the evidence and cannot, therefore, be disturbed by the court.

Appellee seeks to sustain the judgment on the ground that the full Board opinion and award of March 20, 1945, the Hammons' award, was a final order and the Board was without authority to set it aside as it did by its order of April 3, 1945, and that appellant's only remedy was by appeal to the circuit court pursuant to KRS 342.285. She further contends that the opinion and award of February 5, 1946, the Harris award, fails to comply with KRS 342.275 in that it does not contain a statement of facts and rulings of law governing the case and that the award is not supported by the evidence.

Taking up the first contention of the appellee, we think KRS 342.285 applies where the award of the Board is regular, that is, when it has been arrived at under proper practice and application of the rules of the Board. The record shows that when the award of March 20, 1945 was made, the case was not under submission, the plaintiff had not announced that she was through taking proof and none had been taken by the defendant. Under these circumstances, when a proper motion was made to set aside the award of March 20, supported by the affidavit of the defendant's attorney which showed these facts and that the rules of the Board had not been complied with, it was within the power of the Board to correct that error and to set aside the award, as it did by its order of April 3, 1945. To hold otherwise would result in tying the hands of the Board and preventing it from correcting its own errors of practice when seasonably discovered. It would result in unnecessary appeals to the courts to correct errors which the Board itself can correct. The case of Carr's Fork Coal Co. v. Scott, 204 Ky. 656, 265 S.W. 19, cited and relied on by appellant, does not hold to the contrary.

We think the second contention of appellee, that the final award of the Board does not contain a statement of facts and rulings of law, as required by KRS 342.275, is without merit. While the opinion and award did not make an elaborate analysis of the evidence, which had already been done by the last referee, it did make a finding of fact on the one factual question involved, as shown by the quotation heretofore set out in this opin-

ion. It also made a ruling of law when in the opinion and award it said, "Under the facts, therefore, this is not an instance which calls for an application of the rule which applies where the claimant enters innocently and in good faith into a bigamous marriage, or in which she is an innocent and good-faith dependent member of the deceased employee's household at the time of his death; nor is it an instance which calls for an application of the rule applicable to common-law marriage. For the reasons indicated, * * * the plaintiff's claim is denied." We think it is immaterial that these findings of fact and rulings of law were not set out in the stereotyped form usually followed by the Board in making its awards.

We now come to consider the ground upon which appellant seeks reversal, that the award of the Board is supported by the evidence and cannot be disturbed by the court. The lower court did not file a written opinion and consequently his reason for reversal of the Board is not known. However, in the judgment the court said, "It is ordered that this case be referred to the Workmen's Compensation Board with instructions to find for the plaintiff Ada Hensley and confirm the three (3) previous awards in favor of the plaintiff against the defendant." Of the three previous awards referred to in this quotation, two were merely the unconfirmed opinion and awards of the two referees and one was the Hammons' award which was premature and was set aside by the Board. Therefore if the court based its judgment on those awards, it was erroneous for the reasons heretofore shown.

The judgment also contained this paragraph: "The court after reading the entire record orders and adjudges as follows: the order made February 5, 1946 by the Compensation Board is hereby reversed and the court adjudges that the plaintiff Ada Hensley was the wife of John Henry Hensley." This indicates that the judge of the lower court read the record and reached his own conclusion from the evidence. If so, this was beyond the province of the lower court as it is of this court. As has been so often held, if there is any substantial evidence of probative value to sustain the Board's findings of fact, its award will not be disturbed by the courts. Ky.Digest, Workmen's Compensation, key 1939. With this limitation of the court's right of

review of the factual situation involved, we have read the evidence and in our opinion there was ample evidence to sustain the finding of the Board that appellee Ada Hensley was not the wife of John H. Hensley and that if she did go through the form of a marriage ceremony, which is very doubtful, it was a bigamous marriage not entered into innocently and in good faith. Certain it is from the record that she was never able to produce any marriage certificate or other documentary evidence of her marriage to deceased nor the testimony of anyone authorized to perform a marriage ceremony that he had performed such ceremony. On the contrary, appellant produced and filed as evidence a marriage certificate and the minister's return thereon showing the marriage of John Pace, identified by other testimony as John H. Hensley, to Cleo Houk. The evidence is conflicting as to whether or not appellee knew deceased was married to Cleo Houk, but there was evidence produced on which the Board could find, as it did find, that she did not enter into a bigamous marriage with the deceased in good faith. This distinguishes this case from the case of Ritchie v. Katy Coal Co., 313 Ky. 310, 231 S.W.2d 57, in which the Board found that Lonnie Ritchie entered into a bigamous marriage with Everett Ritchie in good faith and we upheld the findings of the Board. Here the Board found that if there was a marriage between appellee and deceased, of which there was no documentary evidence, it was not in good faith. Likewise, we uphold the Board in this case because there was evidence to support it. We think it is established by the evidence that appellee and deceased lived together for some years before his death and that appellee was dependent on him for support, but that is not sufficient in the absence of a showing that some sort of marriage was entered into in good faith. See Ritchie v. Katy Coal Co., supra, and cases therein cited.

Wherefore the judgment of the lower court is reversed with directions to enter one upholding the final opinion and award of the Board dated February 5, 1946.