### 43609. INSURANCE COMPANY OF NORTH AMERICA et al. v. JEWEL.

PANNELL, Judge. The sole question here is whether a claimant, who entered into a ceremonial marriage with the employee when claimant had a living husband and the employee a living wife, although claimant did not know the employee had such wife at the time of the ceremonial marriage to the employee, but discovered this fact a month later and continued to live with the employee, is entitled to an award as a dependent under the Workmen's Compensation Act. *Code* § 114-414, after clarifying and providing for priority as to certain dependent members of the family of the deceased employee, says: "In all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the facts at the time of the accident."

There are a variety of cases from other states which have similar statutory provisions.

In cases where the claimant has in good faith entered into the ceremonial marriage with the employee, the courts have generally held the claimant to be entitled to an award based on dependency. Eason v. Alexander Shipyards, Inc. (La. App.) 47 S2d 114; Freeman v. Fowler Packing Co., 135 Kan. 378 (11 P2d 276); Perry v. Sun Coal Co., 183 Tenn. 141

(191 SW2d 181); Nall v. Wakenva Coal Co., 236 Ky. 598 (33 SW2d 631); Sanchez v. Tex. Employers' Ins. Assn. (Tex. Civ. App.) 51 SW2d 818. In cases where there was a meretricious relationship as knowingly living in adultery, most of the courts have denied compensation, basing this denial on grounds of public policy. Day v. Day, 216 S. C. 334 (58 SE2d 83); Baldwin v. Sullivan, 201 Iowa 955 (204 NW 420); Diamond Coal Co. v. Hensley, 314 Ky. 85 (234 SW2d 317); Hatfield-Campbell Creek Coal Co. v. Adams, 275 Ky. 744 (122 SW2d 787); Humphreys v. Marquette Cas. Co., 235 La. 355 (103 S2d 895); Fields v. Hollowell & Hollowell, 238 N. C. 614 (78 SE2d 740). While some of the text writers, and some cases, and dissenting opinions, have indicated their disapproval of this theory, arguing that the morals of the person should not preclude compensation under the Act when the claimant is otherwise qualified (Kendall v. Housing Authority of Baltimore City, 196 Md. 370 (76 A2d 767); Russell v. Johnson, 220 Ind. 649 (46 NE2d 219); 2 Larson's Workmen Compensation Law, 114, § 63.43), and while with this we might be inclined to agree, yet where, as in the present case, the dependency itself grew out of, or resulted from the immoral act of the claimant, we feel constrained to agree with the majority rule because we do not feel that immorality should be rewarded, or condoned as a means of securing support. Nor do we adhere to the view that the Workmen's Compensation Act should, under the guise of liberal construction, be so construed as to provide a statutory reward for immoral conduct. There is a great difference between an immoral person being dependent upon another for support in cases, such as this, where the support itself arose out of the immorality of the claimant and cases where the support had no relation to the immorality. A daughter who is a prostitute may be dependent upon a father. In such a case, where morals have nothing to do with the dependency, she would, upon his death under the conditions prescribed in the Workmen's Compensation Act, be entitled to compensation. Under these circumstances, her morals have nothing to do with the matter. Further, we feel that we are bound to this conclusion in view of two decisions of this court which are in accord with what we have ruled. In *Reese v. American Mut. Liab Ins. Co.,* 67 Ga. App. 420 (3) (20 SE2d 773), an almost identical factual situation was

involved. There was a living wife who had withdrawn her claim and who had been found by the single director to have abandoned the employee husband. The director further found as to the other claimant who was living in adultery with the employee that "the approval of the agreement to pay some person who was not a wife was a nullity as being outside the law and contrary to public policy and void." On appeal to the full board and then to this court, the award was affirmed. It is obvious that the language "some person who was not a wife" is limited by the facts of that case to mean a person who was a mistress rather than a wife. In *St. Paul-Mercury Indem. Co. v. Robinson,* 88 Ga. App. 217 (76 SE2d 512), a grandchild of a mistress was involved, and the grandchild was held entitled to compensation, and in so holding, the court recognized the rule we have here pronounced in the following language (p. 220): "As to the contention that Linda Robinson was not entitled to receive compensation because her grandmother, Carrie Bell Simmons, may not have been entitled to claim compensation as a dependent of Rubin Simmons due to her bigamous relationship with him, we need only to state that, even if her conduct, being against public policy, was a bar to her claim, it does not follow that her illegitimate granddaughter, Linda Robinson, would also be barred from showing her actual dependence upon Rubin Simmons, for she was not a party to such illegal conduct." The rulings in *St. Paul-Mercury Indem. Co. v. Robinson,* supra, are therefore in full accord with what we have here ruled.

The case of *Zachery v. Royal Indem. Co.,* 80 Ga. App. 659 (56 SE2d 812), upon which one of the dissents is based, decides a question not reached in the majority opinion here, and therefore affords no basis for dissent. In that case, it was merely held that where one entitled to a prior claim of compensation, as a dependent, a widow, waives her claim to compensation, then a beneficiary secondarily entitled thereto may recover. With this decision, we have no dispute. What we decide here is that the claimant is not one secondarily entitled or otherwise entitled as a dependent. Whether, if she be so entitled, she could recover, is not the question before the court, nor is any decision made thereon.

Accordingly, the trial court erred in affirming the award of the State Board of Workmen's Compensation granting the claim-

ant compensation under the Act based upon her dependency upon the deceased employee.

Where, as in the present case, the notice of appeal describes a judgment appealed from as "an order of the Superior Court of Oconee County, Georgia, dated and entered February 6, 1968, said order affirming the award of the full board of the State Board of Workmen's Compensation dated November 19, 1965," and there is a judgment in the record answering such description except that, though dated February 6, 1968, it was not entered until February 8, 1968, such description is a sufficient "concise statement of the judgment, ruling or order entitling the appellant to take an appeal," and sufficiently identifies the order appealed from to meet the requirements of Section 4 of the Appellate Practice Act of 1965 as amended (Ga. L. 1965, pp. 18, 20; Ga. L. 1966, pp. 493, 495; Code Ann. § 6-802). Langdale Co. v. Day, 115 Ga. App. 30 (153 SE2d 671). The decisions in Olson v. Austin Enterprises, 116 Ga. App. 197 (156 SE2d 655); Hardnett v. U. S. Fidel. &c. Co., 116 Ga. App. 732 (158 SE2d 303); Walker v. Walker, 222 Ga. 521 (150 SE2d 635); Bowers v. Gill, 222 Ga. 529 (150 SE2d 653) do not require a different ruling. Accordingly, the motion to dismiss the appeal is denied.

Judgment reversed. Felton, C. J., Quillian and Whitman, JJ., concur. Bell, P. J., Eberhardt and Deen, JJ., concur specially. Jordan, P. J., and Hall, J., dissent.

ARGUED MAY 8, 1968—DECIDED OCTOBER 10, 1968— REHEARING DENIED NOVEMBER 4, 1968—

Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White, for appellants.

Conyers, Fendig, Dickey & Harris, Albert Fendig, Jr., Erwin, Birchmore &. Epting, Nickolas P. Chilivis, for appellee.

EBERHARDT, Judge, concurring specially. While there may be merit in the views of Judges Jordan and Hall as to the proper interpretation of the Compensation Act on the matter of dependency, I do not see how we can reach the result they do under the facts of this case so long as Reese v. American Mut. Liab. Ins. Co., 67 Ga. App. 420 (3) (20 SE2d 773) stands. We are bound by it. And in Maryland Cas. Co. v. Campbell, 34 Ga. App. 311

(129 SE 447) it was asserted that "The question of dependency is one of fact, to be determined according to the facts and circumstances of each particular case, from the amounts, frequency, and continuity of actual contributions of cash or supplies, the needs of the claimant, and the *legal or moral obligation of the employee.*" (Emphasis supplied.) And see *Glens Falls Indem. Co. v. Jordan*, 56 Ga. App. 449 (193 SE 96) where the court quoted approvingly (p. 453) from 2 Schneider on Workmen's Compensation Laws, 1194, § 367: "Dependency being a question of fact, at least until the facts are found, and the facts as varied as the number of cases, each case must be decided on its own facts. The first question to be determined is whether or not the claimant suffered loss in respect to his or her support or maintenance. This being found in the affirmative, it is then necessary to determine whether or not the claimant was entitled, *legally or morally,* to consider the contributions received from deceased as a part of his or her necessary livelihood; that is, whether such contributions formed a part of the sort of support to which the claimant, within considerable radius of reason, was entitled." (Emphasis supplied.)

The case of *St. Paul-Mercury Indem. Co. v. Robinson,* 88 Ga. App. 217 (76 SE2d 512) may appear to be in conflict with it, but the other cases are older; further, as the majority point out, there is language in the opinion indicating that the holding was not intended to be in conflict with the prior cases.

Moreover, even if *Reese* were overruled and the interpretation urged by Judges Jordan and Hall adopted, a reversal must still result. The finding of the board was of *total* dependency and the award was made accordingly. This is unsupported in the record. Claimant testified that she worked, that from the time of her purported marriage with the deceased she earned $15 per week and that, pooling their earnings, they just "split the cost of living." Thus, a finding of total dependency was unauthorized, and the award was improper. See *Maryland Cas Co. v. Bess,* 33 Ga. App. 798 (127 SE 828), where there was a finding of partial dependency and an apportioned award based upon the extent of the dependency was made. If an award based upon total dependency is to be permitted when partial depen-

dency only is proven, the reference to partial dependency in the statute is meaningless.

I am authorized to state that Presiding Judge Bell and Judge Deen join in this special concurrence.

JORDAN, Presiding Judge, dissenting. In my opinion the case of *Zachery v. Royal Indem. Co.,* 80 Ga. App. 659 (56 SE2d 812), is controlling, and under the ruling therein made the trial court did not err in affirming the award of the full board granting compensation to the claimant.

It was stipulated by the parties that the only question for determination by the board was that of the dependency of the claimant. The board made a finding that such dependency existed, and there is sufficient evidence to support this finding. The board further found that no claim was filed by the "legal" widow of the deceased within the statutory period of one year, and therefore her claim for any benefits to which she might have been entitled would be barred. Under these conditions, where the widow has waived her right to benefits by failing to file a claim within the period of limitation, the claimant became a beneficiary secondarily entitled to recover by reason of dependency not related to kinship but established by facts and circumstances. *Code* § 114-414.

As was stated, in *Zachery,* supra, "Upon the death of the employee, the liability of the employer becomes fixed and he is bound to pay the death benefits under the Act. If the beneficiary primarily entitled thereto waives compensation, beneficiaries secondarily entitled thereto may recover."

The judgment of the trial court affirming the award of compensation should be affirmed.

HALL, Judge, dissenting. The Workmen's Compensation Act was not enacted for the purpose of preserving chastity, but "to alleviate human suffering and to contribute to human need when accidental injury is suffered in the manner prescribed by the statute." *Lumbermen's Mutual Cas. Co. v. Griggs,* 190 Ga. 277, 288 (9 SE2d 84). An actual dependent is a dependent in the same way a rose is a rose. The question here is not whether the claimant is given a right by the Workmen's Compensation Act (the evidence supports the award), but rather whether

there is anything in the Act which prohibits her from receiving the award.

There is no provision under the Act which states that a claimant forfeits his or her rights under the Act for violating sex laws, drug laws, alcoholic beverage laws, traffic laws, gambling laws, etc. On the contrary, the Act must be *liberally* construed in favor of the claimant. Neither the board nor the courts are empowered under the Act to go on a puritanical witch hunt with the avowed purpose of scouring the claimant's so-called unclean hands. Both should confine the inquiry to the question of *actual dependency* under the Act and should not go looking under or into the claimant's bed.

The award is not based upon any finding of conclusive dependency (that of a wife) but upon actual dependency. The evidence clearly supports this finding and a reversal grounded upon the claimant's so-called morals, casts this court into the role of Keystone Cops.

In my opinion the trial court properly affirmed the award of the board granting the claimant compensation under the Act based on her actual dependency upon the deceased employee.