## C. C. BEDFORD *et al.*

*v.*

## LETTIE L. BEDFORD, Admx.

*Filed at Springfield January 21, 1891.*

1. DOWER *in the husband—rents of the estate—rights of the heirs before demand or assignment of dower.* The dower interest of a surviving husband in his deceased wife's land is a mere expectancy, and rests in action, only, until it is assigned. He is not entitled to one-third of the rents and profits of his wife's land, as against her children and heirs, until his dower has been demanded, or set off or assigned to him.

2. When no demand is made or petition filed for the assignment of dower, the heirs-at-law are entitled to the whole of the rents.

3. So where a father receives the rents of his children's land inherited by them from their mother, and dies without having his dower assigned to him, his estate will be liable to such children for the rents so received, with interest.

4. SAME—*refusal to assign dower—damages.* The Dower act allows damages from the time of demand and a refusal to assign dower, and a third of the rents of the land in which there is dower may constitute a proper measure of such damages; but until demand is made, the surviving husband or wife is entitled to no damages.

5. SAME—*demand for dower—whether sufficient.* The filing of a petition for the assignment of dower against the heirs-at-law is a sufficient demand to give a claim to one-third of the rents accruing after that time.

6. PARENT AND CHILD—*support of the latter—as a charge upon his own estate—in favor of the father.* As a general rule, no allowance will be made to a father out of the property of his infant children, if his own means are adequate for their maintenance. If he is able to take care of them out of his own estate, he must do so. But when he is without means, or sufficient means, to maintain and educate his children suitably to their condition and prospects, equity will make him an allowance out of their estates for such purpose.

7. It is not necessary that the father shall be actually bankrupt or insolvent in order to justify a charge against the property of his infant child for its support. The welfare of the child, the means of the father, the demands of others upon him, and the future expectancy of the child, will all be considered in determining whether its estate shall be drawn upon.

8. SAME—*power of the parent over the person and estate of the child.* The father is guardian, by nature, of the persons of his minor children, but has no power over their estates unless he is appointed their guardian.

9. So if the father receives the rents and profits of the lands of his minor children without having been appointed their guardian, he must be regarded, in respect of such rents and profits, as the holder of trust funds, and in an accounting, in equity, for such funds, equitable principles should apply. If his dower has been assigned or demanded, he will be entitled to one-third of the rents, otherwise not. A claim of the children for such rents is an equitable one, within the jurisdiction of the county court.

APPEAL from the Appellate Court for the Third District;— heard in that court on writ of error to the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding.

Mr. C. F. MANSFIELD, for the appellants:

The claim for a reasonable rent for the use and occupation of the minor children's land by their father, Stephen G. Bedford, is an equitable claim, and within the jurisdiction of the probate court. *Dormer* v. *Fortescue*, 3 Atk. 129; 2 Vern. 342.

Where a father, without having been lawfully appointed guardian, receives and takes the property of minor children, he takes the same as a trust fund, and must account therefor, with interest. *Perry* v. *Carmichael*, 95 Ill. 519; *Strawn* v. *Strawn*, 50 id. 263.

It is the duty of the administratrix of the father's estate to see that the trust fund should go where it ought to go, and that the same be allowed in one of the preferred classes of claims against the estate. *Perry* v. *Carmichael*, 95 Ill. 519.

A surviving husband, when his dower has not been demanded by him, or set off or assigned to him in his deceased wife's land as against minor heirs, is not entitled to one-third the rents and profits thereof. *Blain* v. *Harrison*, 11 Ill. 386; *Summers* v. *Babb*, 13 id. 484; *Hoots* v. *Graham*, 23 id. 81; *Reynolds* v. *McCurry*, 100 id. 360.

The estate of a deceased husband, in the settlement of a claim against his estate, should not be credited with one-third

of the rents and profits of his former deceased wife's lands as against minor heirs, when he had made no demand for dower, or where the same was never assigned to him. *Blain* v. *Harrison,* 11 Ill. 386; *Summers* v. *Babb,* 13 id. 484; *Reynolds* v. *McCurry,* 100 id. 360; *Hoots* v. *Graham,* 23 id. 81; *Bonner* v. *Peterson,* 44 id. 259; *Atkin* v. *Merrell,* 39 id. 77; *Cool* v. *Jackman,* 13 Ill. App. 564; Rev. Stat. chap. 41, secs. 18, 19.

Where a father has paid the taxes on his minor children's land, and received the rents and profits thereof, in the settlement of a claim for such rents the estate of the father may receive credit for the payment of such taxes. That would be doing what the heirs would be required to do.

Where a surviving husband did not make a demand for dower, and the same was not set off or assigned to him in his deceased wife's lands, and he afterwards improved the lands, the wife having died intestate, he can not, as against the heirs, recover compensation for improvements placed on the land by him after her death, nor can his estate be credited therewith in a claim by the heirs against the estate. *Wheeler* v. *Dawson,* 63 Ill. 54; *Hoots* v. *Graham,* 23 id. 83; *Gardner* v. *Watson,* 18 Ill. App. 386; *Donnelly* v. *Thieben,* 9 id. 495.

The father is the natural guardian, but has no control of the estate of the minor. *Perry* v. *Carmichael,* 95 Ill. 530; *Hunt* v. *Thompson,* 3 Scam. 179.

A father can not charge his minor children with their care and support, when he has property of his own, without evidence showing that the interest and welfare of the children demand the appropriation of their property for their support. *Gilley* v. *Gilley,* 9 A. (Me.) 623; *Fuller* v. *Fuller,* 2 So. (Fla.) 426; *Newport* v. *Cook,* 2 Ashm. 332; *Clark* v. *Montgomery,* 23 Barb. 464; *McGee* v. *McGee,* 91 Ill. 549.

A minor is entitled to support, and the father to the earnings. *Parmelee* v. *Smith,* 21 Ill. 623; *Mowbry* v. *Mowbry,* 64 id. 383; *Brush* v. *Blanchard,* 18 id. 46.

Mr. S. R. REED, and Mr. H. CREA, for the appellee:

The county court has jurisdiction to allow money demands of an equitable character. *Moore* v. *Rogers,* 19 Ill. 347; *Dixon* v. *Buell,* 21 id. 203; Starr & Curtis' Stat. chap. 37, p. 718, par. 118; chap. 3, sec. 60.

When a father, or any other person, takes charge of the property of an infant, he will be treated as his guardian, and compelled to account as such, in equity. *Newburgh* v. *Brockerstoff,* 1 Vern. 296; *Van Epps* v. *Van Dousen,* 4 Paige, 71.; *Hannah* v. *Scotts,* 5 B. Mon. 362; *Crooks* v. *Turpin,* 1 id. 183; *Davis* v. *Harkness,* 1 Gilm. 173.

The father was entitled to an allowance for the support of his children. *In re Bostwick,* 4 Johns. Ch. 104; *Reeves* v. *Bryman,* 6 Ves. 425; *Sessions* v. *Shaw,* 9 id. 285; *Chambers* v. *Goldwin,* 11 id. 1; *Maberly* v. *Turton,* 14 id. 499; *Matter of Burke,* 4 Sandf. 617; *Clark* v. *Montgomery,* 23 Barb. 464; *Wilkes* v. *Rogers,* 6 Johns. 566.

The amount of the child's fortune, and the fortune, condition and circumstances of the father, including the claims of others upon his bounty, will all be considered in deciding, both whether any allowance should be made from the child's estate, and the amount of it. The whole or any part of the expenses of support, etc., will be charged upon the estate according as the circumstances and condition of the parent require.

Insolvency of the parent is not an essential in making the charge upon the child's property. Schouler on Domestic Relations, secs. 238, 323; *Trimble* v. *Todd,* 2 Tenn. Ch. 502; *Patton's Admr.* v. *Patton,* 3 B. Mon. 160; *Carpenter* v. *Strother,* 16 id. 292; *Osborn* v. *Van Horn,* 2 Fla. 360.

Chancellor Cooper holds, that when the father's income is smaller than that of his children, he may be allowed for future, and, under circumstances, for their past, maintenance. *Trimble* v. *Todd,* 2 Tenn. Ch. 502.

The general rule, where a parent applies for past support, seems to be, the court will consider his means at the time the support is furnished. *Ex parte Williams,* 2 Colby, 740 ; *Fuller* v. *Fuller,* 2 So. (Fla.) 426.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a claim filed in the County Court of Piatt County at the August Term, 1888, by the appellants, Clifton C. Bedford and Walter Bedford, minor children and heirs of Amanda Bedford, deceased, against the estate of their father, Stephen G. Bedford, deceased, of which estate the appellee, Lettie L. Bedford, is administratrix. The question of the allowance of the claim was submitted to the county judge, who decided against the claimants and rendered judgment in favor of the estate. An appeal was then taken to the Circuit Court of the County, where a jury was waived by agreement, the cause was submitted to the Circuit judge for trial, and judgment was rendered in favor of the claimants after allowing to the estate certain credits or matters of set off. The judgment so rendered by the Circuit Court has been affirmed by the Appellate Court, and the judgment of the latter court is brought before us by appeal. Amanda Bedford was the wife of Stephen G. Bedford, and died intestate on June 5, 1883, leaving the two appellants her only children, and also leaving surviving her her said husband, who was the father of said children. At the time of her death she owned a tract of ninety acres of land in said county, which descended to the appellants as her heirs, subject to the dower right therein of her husband. Stephen G. Bedford owned ninety acres adjoining and east of the tract owned by his wife. Upon his own tract he built a residence, and other improvements, and resided upon the same up to the time of his death. Prior to said Amanda's death, she and her husband occupied his tract as a homestead, and used both tracts as a farm, but did not reside upon any part of her tract,

which had been conveyed to her by her father. On March 1, 1885, Stephen G. Bedford married Lettie L. Cotter, now Lettie L. Bedford, the appellee herein. He died intestate on March 4, 1888, leaving appellee his widow. After his death a guardian of his said minor children was appointed, but he was never appointed guardian of said children before his death, nor did they have any guardian in his life time.

Stephen G. Bedford used and occupied the 90 acres belonging to his minor children, the appellants herein, from the time of the death of his first wife, Amanda Bedford, up to the time of his own death, a period of nearly five years. In his lifetime no proceedings were had for the assignment to him of his dower, nor does it appear that any demand was ever made for the assignment of dower.

The claim so filed against his estate is for the rents and profits derived by him from the use of the ninety acres inherited by appellants from their mother from June 5, 1883, to March 4, 1888, with interest, etc. Written propositions were submitted to the Circuit judge to be held as law in the decision of the case, and the questions herein discussed grow out of the action of the trial court in holding, or refusing to hold, such propositions as law.

The estate of Stephen G. Bedford is liable, and was properly held by the trial court to be liable, to account to the appellants for the use and occupation of their land during the period above named. The dower interest of a surviving husband in his deceased wife's land is a mere expectancy and rests in action only until it is assigned. (*Blain* v. *Harrison,* 11 Ill. 386). He is not entitled to one third of the rents and profits of his wife's land as against her children and heirs, until his dower has been demanded, or set off, or assigned to him. It is the settled doctrine of this court, that, where no demand is made, or petition filed, for the assignment of dower, the heirs at law are entitled to the whole of the rents. The dower act allows damages from the time of demand and a

refusal to assign dower, (Rev. Stat. chap. 41, sec. 41) and a third of the rents of the land, in which there is dower, may form a proper measure of such damages; but until demand is made, the surviving husband or wife is entitled to no damages. Where a petition is filed for the assignment of dower against the heirs at law, that is a sufficient demand to give a claim to one third of whatever rents have accrued since that time as damages. (*Atkin* v. *Merrell*, 39 Ill. 62; *Bonner* v. *Peterson*, 44 id. 253; *Peyton* v. *Jeffries*, 50 id. 143).

The next question, which arises, relates to the credits allowed by the court below to the estate of the deceased father. As to the taxes, no question can arise here, as counsel for appellants admit that the estate properly received credit for the taxes paid by the deceased upon the land of his minor children.

It is claimed as error that the trial court allowed the estate of the father credit for the care, support and maintenance of the children during the period in question.

At common law the father was bound to support his children, and the strict rule was that he was entitled to no reimbursement for his outlays in providing such support. As a general rule, no allowance will be made him out of the property of his infant children, if his own means are adequate for their maintenance. If he is able to take care of them out of his own estate, he must do so. Where, however, the father is without any means, or is without sufficient means to maintain and educate his children suitably to their condition and prospects, equity will make him an allowance out of their estates for such purpose. In the matter of granting such an allowance courts are more inclined to be liberal than was their practice in the early history of the law. It is not necessary that the father should be actually bankrupt or insolvent in order to justify a charge against the property of his infant children for their support. The welfare and happiness of the children must be considered, and if the means of the father are inadequate to the promotion of their welfare and happi-

ness, their own property may be resorted to for their maintenance either in whole or in part. Each case will depend largely upon its own circumstances. In determining whether the estate of the children shall be drawn upon and to what extent it shall be drawn upon, the amount of their fortune, their condition and expectancies, the means of their father, and the just claims of others upon his bounty, will all be taken into consideration. (Shouler's Domestic Relations, sec. 238; 3 Pom. Eq. Jur. sec. 1309, note 4; *Newport* v. *Cook*, 2 Ashm. 332; *Gilley* v. *Gilley*, 79 Me. 292; *Fuller* v. *Fuller*, 23 Fla. 236).

The present claim for rents collected by the father is an equitable one and within the jurisdiction of the county court. It is in the nature of an application for an accounting as to monies received and held in trust. The father is guardian by nature of the persons of his minor children, but has no power over their estates, unless he is appointed their guardian. *(Perry* v. *Carmichael*, 95 Ill. 519). In the present case, the father, having received the rents and profits of the land of appellants, without having been legally appointed their guardian, must be regarded as the holder of trust funds, and, in an accounting in equity in relation to such funds, equitable principles will be applied. If his dower had been assigned, or he had made demand for its assignment, he would have been entitled to one third of the rents. It is admitted that the yearly rental value of the west ninety acres belonging to the children was $3.00 per acre, or $270.00 per year for the period in question. The rental value of the east ninety acres owned by the father could not have been much greater than that of the other tract. After his wife's death, he provided for his children out of the proceeds of both tracts. The income from his own tract alone was quite meagre for the support of himself, his second wife and his two children. The propositions held as law by the trial court are in accord with the principles here announced, and, there was evidence enough to justify that court in hold-

ing the means of the father to be sufficiently inadequate for the maintenance of the children to justify him in drawing upon the income of their own estate.    The stipulation fixes the amount of the credit to be allowed for such support in case of a decision that any charge therefor against the estates of the minors is proper.    We are, accordingly, of the opinion that the trial court committed no error in allowing the estate of the father credit for the care and support of the children.

The father of appellants tiled and fenced a portion of their ninety acres after their mother's death.    Presumably, the tiling was for the purpose of draining the land, and the fencing was designed to enclose it.    The tiles and fences were a part of the realty, and cannot be regarded as trade fixtures.    (*Clark* v. *Burnside,* 15 Ill. 62;  *Goff* v. *O'Connor,* 16 id. 421;  Ewell on Fixtures, page 25, note 2 and cases cited).    There was no lease from the heirs to their father, but even if the relation between them could be regarded as that of landlord and tenant, the general rule is that a landlord is under no obligations to pay the tenant for improvements made during the term, in the absence of an agreement to that effect.    (Taylor's Land. & Tenant (8th ed.) sec. 335 a).    Where, as here, the surviving husband has only a right of dower in the land of his deceased wife, and dower has not been assigned, and no demand has been made or suit brought against the minor heirs for assignment of such dower, such surviving husband has no right to make improvements upon said land at the expense of the minor heirs, and, as against them, the administratrix of the estate can not claim the value of such improvements.    (*Hoots* v. *Graham,* 23 Ill. 83;  *Wheeler* v. *Dawson,* 63 id. 54;  *Glidden* v. *Bennett,* 43 N. H. 306).    This doctrine was correctly embodied in the propositions of law as held by the trial court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*