(No. 13682.—Judgment affirmed.)

THE PANTHER CREEK MINES, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(J. J. PIERCE, Admr. Defendant in Error.)

*Opinion filed February 15, 1921—Rehearing denied April 7, 1921.*

1. DIVORCE—*property settlement in lieu of alimony does not release the father from obligation to support minor children.* Where a divorce has been granted with custody of the children to the mother, and a gross sum is allowed her as alimony or there is a property settlement and a waiver of claim of alimony, the father is not thereby released from his legal liability to provide the necessary support for his minor children.

2. WORKMEN'S COMPENSATION—*minor child is entitled to award in absence of proof on question of emancipation.* Where an employee dies of an injury arising out of and in the course of his employment, his minor son, though twenty years old at the time of the injury, is entitled to an award in the absence of proof that he is emancipated.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

T. W. QUINLAN, for plaintiff in error.

KERR, MACDONALD & MURPHY, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Edward Smith, while employed by plaintiff in error, on the 29th day of March, 1919, received an injury which resulted in his death. The injury arose out of and in the course of his employment. Both he and his employer were under the Workmen's Compensation act. His wages were stipulated to have been $24 per week. The deceased was survived by his daughter, Margaret Alphemie Smith, born November 7, 1900, and his son, Harry Smith, born August 13, 1898, who were his only heirs-at-law. Margaret Smith, the wife of the deceased, had secured a divorce from him

in 1919, the decree finding that there had been a property settlement and waiver of claim of alimony on the part of the complainant.   By the divorce decree the custody of the children was awarded to the complainant.   At the time of the death of Smith the daughter was eighteen years of age and the son was twenty years of age.   On March 11, 1920, the Industrial Commission on review found the deceased left him surviving as the only person whom he was under legal obligation to support, his son, Harry Smith, who was then a minor but who during the pendency of the proceedings in this cause attained his majority, and awarded him the sum of $12 per week for a period of 291 weeks and the sum of $8 for one week.

The only question involved in this case is whether or not the deceased left anyone whom he was under legal obligation to support.   It is not contended that he was under legal obligation to support the daughter, who had arrived at the age of eighteen prior to the injury of the deceased. Plaintiff in error contends that the effect of the divorce decree, in which no alimony was awarded, was to release the deceased from all obligation to support the son.   This contention cannot be sustained.   It has been held in this State that in cases where a divorce has been granted with custody of the children to the mother and a gross sum had been allowed her as alimony, such a situation does not release the father from his legal liability to provide the necessary support for his minor children.   (*Plaster* v. *Plaster,* 47 Ill. 290; *Cowles* v. *Cowles,* 3 Gilm. 435.)   The divorce decree did not affect the legal liability of the deceased to support the son.

It is also urged that this son was twenty years of age and attained his majority during the pendency of these proceedings; that as a matter of fact he was able to support himself, and that, even admitting that otherwise the deceased would be liable for the support of this son, he had

been released from such liability by reason of the ability of the son to support himself. This argument appears not to have impressed itself upon counsel for plaintiff in error on the hearing before the Industrial Commission, as the record is absolutely silent on the question as to whether or not the son was supporting himself. There is not one word in the record to show that he was even able to contribute toward his own support, and without going further into what the record does not show, it is sufficient to say that it shows absolutely nothing on that question.

It has long been the rule in this State that where a son is supporting himself, controlling his own income and is without the control of his parents he is emancipated and the obligation to support such child ceases. (*Iroquois Iron Co.* v. *Industrial Com.* 294 Ill. 106; *Scott* v. *White,* 71 id. 287; *Hunt* v. *Thompson,* 3 Scam. 179.) It is equally well settled, however, that in the absence of such emancipation the father is bound to support his minor children where he is able to do so. (*Bedford* v. *Bedford,* 136 Ill. 354; *McMillen* v. *Lee,* 78 id. 443; 29 Cyc. 1606; *Plaster* v. *Plaster, supra.*) This duty, as we have seen, ceases upon the child becoming emancipated or attaining his majority unless it be shown that he has become unable to support himself, when the parent is required, under the Pauper act, to contribute to his support. Until there is proof that the son is emancipated, such liability continues until the son reaches the age of twenty-one years. Plaintiff in error had the opportunity to make such proof if such there was but did not do so. Under this state of the record, therefore, the judgment of the circuit court confirming the award of the Industrial Commission must be affirmed.

*Judgment affirmed.*