(No. 43631.—

DORIS FITZPATRICK, Appellant, v. ILLINOIS DEPART-
MENT OF PUBLIC AID *et al.,* Appellees.

*Opinion filed September 20, 1972*

MARIANNE R. SMIGELSKIS, JOHN HENRY
SCHLEGEL and LORELEI BORLAND, of Chicago, for
appellant.

WILLIAM J. SCOTT, Attorney General, of Spring-
field, and EDWARD V. HANRAHAN, State's Attorney, of
Chicago (FRANCIS T. CROWE and A. ZOLA GROVES,
Assistant Attorneys General, and VINCENT BENTI-
VENGA, JAMES A. ROONEY and FREDRIC B. WEIN-
STEIN, Assistant State's Attorneys, of counsel), for
appellees.

MR. JUSTICE RYAN delivered the opinion of the
court:

This is an appeal from a judgment of the circuit court
of Cook County rendered in an administrative review
action, which judgment affirmed the decision of the

Illinois Department of Public Aid removing Littrell Fitz-patrick, one of plaintiff's children, from plaintiff's Aid to Families with Dependent Children (AFDC) grant. Ill.Rev. Stat. 1969, ch. 23, par. 4–1 *et seq.*

Plaintiff is the mother of five minor children and has been receiving public assistance in the form of AFDC grants. One of the plaintiff's children, Littrell, sustained severe burns to his left leg and recovered a settlement of a personal injury claim in the amount of $11,500. The settlement order provided that the proceeds be distributed to a specific savings and loan association "for deposit to the account of Littrell Fitzpatrick, a minor, subject to the further order of the Circuit Court of Cook County, Probate Division, until said minor reaches majority."

The district office supervisor of the Cook County Department of Public Aid upon learning of the personal injury settlement advised Mrs. Fitzpatrick that she must petition the court for an order making the money available for the support of Littrell. Plaintiff's attorney later advised the district office that the plaintiff had decided not to petition the court for the release of the settlement funds. Plaintiff was then advised that Littrell was being removed from the AFDC grant.

Plaintiff appealed to the Illinois Department of Public Aid. An administrative hearing was held resulting in an affirmance of the county department's decision. Plaintiff then filed suit in the circuit court of Cook County under the Administrative Review Act, pursuant to section 12–19.4 of the Public Aid Code. (Ill.Rev.Stat. 1969, ch. 23, par. 12–19.4.) The trial court affirmed the decision of the Illinois Department of Public Aid and this appeal followed.

The plaintiff raises certain constitutional issues which, for reasons discussed later, we find it unnecessary to decide. The initial point for consideration is whether the amount of money recovered in the minor's personal injury settlement can be considered by the Department of Public

Aid for purposes of determining whether the minor is eligible for an AFDC grant.

Congress has provided (42 U.S.C.A. sec. 601 *et seq.*) for making payments to States which have adopted approved plans for aid to needy families with dependent children. The Federal law (sec. 602(a)) provides that the State *must* "***(7) except as may otherwise be provided in clause (8), provide that the State agency shall, in determining need, take into consideration *any other income and resources of any child* or relative claiming aid ***." (Emphasis added.) Clause (8) provides that the State *shall* exclude from such consideration *earned* income of dependent children in certain situations not relevant here. It is worthy of note that Congress in mandating the consideration of "any other income and resources" of the child in determining need has seen fit to exclude from such consideration only certain *earned* income and has made no reference to excluding other income or resources of the child from such consideration except to provide (sec. 602(a)(8)(B)(i)) that a State *may* permit all or any portion of *earned* or *other income* to be set aside for future identifiable needs of a dependent child.

Similarly, section 4–2 of the Public Aid Code (Ill.Rev.Stat. 1969, ch. 23, par. 4–2) provides that in determining the amount of aid, "Due regard shall be given to the requirements and the conditions existing in the family and to the income, money contributions and other support and resources available, from whatever source."

Also, section 4–1.6 (Ill.Rev.Stat. 1969, ch. 23, par. 4–1.6) provides for the determination of need and provides that the Illinois Department may, subject to such limitations as may be prescribed by Federal law or regulation, "permit all or any portion of earned or other income to be set aside for the future identifiable needs of a child," and provides further that if Federal law or regulations " permit or require exemption of other income of recipients, the Illinois Department may provide by rule

and regulation for the exemptions thus permitted or required."

From the examination of these provisions it does not appear that it was the intention of Congress or of the General Assembly that a minor's recovery for a personal injury claim should be excluded from "any other income or resources of the child" in determining need for public aid.

It has been established by this court that a minor's estate may be liable for necessities furnished to the minor. (*Bedford v. Bedford, 136 Ill. 354.*) This principle has been regularly applied by the appellate courts of the State. (See *Pelham v. Howard Motors, Inc., 20 Ill.App.2d 528; In re Estate of Weisskopf, 39 Ill.App.2d 380; In re Estate of Johnstone, 64 Ill.App.2d 447.*) The personal injury recovery became an asset of the estate of the minor. There being nothing in the act of Congress or of the General Assembly excluding the personal injury recovery as an asset of the minor's estate from consideration in determining need, it was proper for the Department of Public Aid to request the guardian of Littrell to petition the probate division of the circuit court of Cook County for leave to use these funds.

Plaintiff contends that the Illinois Department of Public Aid should set aside this personal injury recovery for a future identifiable need of the child, namely, a college education, pursuant to section 4—1.6 of the Public Aid Code. (Ill.Rev.Stat., ch. 23, par. 4—1.6.) As laudable as this goal may be, the Department of Public Aid was in no position to take such action with any degree of certainty that the same would be fulfilled. The administration of the minor's estate rests in the sound discretion of the probate division of the circuit court of Cook County. If the Department of Public Aid were to direct that the personal injury award be set aside for a college education without having first had an order of the court supporting such a determination, the Department's directive would be

of questionable value. At any time thereafter the guardian could petition the court for leave to expend the fund for another purpose, the purchase of an automobile, for instance. If the court finds that such a purpose is justified it can authorize such an expenditure, thereby defeating the Department's action.

It would appear that before the Department of Public Aid is requested to make a determination of whether the personal injury recovery is to be used for present maintenance of the minor or set aside for his future education, a petition should be filed with the probate division of the circuit court requesting the expenditure of the fund. If the court refuses to release the funds, then this money would not be available for consideration by the Department in determining the need of the minor for an aid grant.

Rule 12.06 of the Rules and Regulations of the Illinois Department of Public Aid provides that if the applicant or recipient is a minor who has resources available to him for income or assets, such resources shall be considered available to meet his needs. If a guardian or conservator refuses to make such resources available, the applicant shall be denied assistance or assistance shall be discontinued on the basis that eligibility cannot be established.

The Illinois Department of Public Aid Manual of Policy and Procedure, chapter 1150, section 1155, provides that the guardian of an estate of a minor should be advised to petition the court to approve the expenditure of the principal for maintenance of the minor. This section further provides that if the guardian refuses to make such resources available the eligibility of the minor cannot be established. This section also recognizes that the court may prefer that the principal remain intact and not be depleted. It is entirely possible that under the circumstances the court may determine that the best interest of the minor requires that the money not be spent for any purpose but that it should remain intact to be given to him when he

reaches his majority. See *Demarco v. Seaman, 157 Misc. 390, 283 N.Y.S. 697.*

The record indicates that the Department of Public Aid did not terminate Littrell's benefits because he had resources available. His benefits were terminated because the plaintiff refused to petition the court for the expenditure of these funds. Under the rules of the Illinois Department of Public Aid and its manual of policy this was a procedure established to ascertain if the funds are in fact available for consideration by the Department.

The failure of the plaintiff to comply with the Department's request to petition the court for the expenditure of the funds made it impossible for the Department to determine what resources were in fact available, and under its Rule 12.06, assistance was discontinued on the basis that eligibility was not established. The acceptance of welfare benefits creates certain obligations, one of which is that the recipient comply with reasonable State welfare regulations intended to assist the State in determining eligibility. *Wyman v. James, 400 U.S. 309, 27 L.Ed.2d 408, 91 S.Ct. 381.*

Plaintiff has raised three constitutional questions, all of which involve the question of use of the personal injury settlement for a future identifiable need. The first contention states that if the Public Aid Code vests unlimited discretion in the Illinois Department of Public Aid to determine when resources of a minor may be set aside for future identifiable needs, the same constitutes a violation of due process of law and of the doctrine of separation of powers. The second contention urges that the Department's refusal to promulgate rules and regulations setting forth criteria for determining future identifiable needs violates due process of law. The third contention states that since the Department has permitted other minors similarly situated to set aside their personal injury recoveries for future identifiable needs the denial of the same privilege to Littrell constitutes a denial of equal

protection of the law. In light of the above discussion we conclude that these constitutional issues are not ripe for determination in this case. We find that the judgment of the circuit court of Cook County affirming the decision of the Illinois Department of Public Aid is correct.

*Judgment affirmed.*