JOSEPH B. JANSEN, GUARDIAN OF ROMAN JANSEN, INCOMPETENT, APPELLANT, V. DEPARTMENT OF PUBLIC WELFARE OF THE STATE OF NEBRASKA ET AL., APPELLEES.

266 N. W. 2d 742

Filed June 14, 1978. No. 41558.

Paul A. Rauth and James E. McCarthy of Marks, Clare, Hopkins & Rauth, for appellant.

Paul L. Douglas, Attorney General, and Royce N. Harper, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

Plaintiff, as guardian of Roman Jansen, appealed the judgment of the District Court for Cedar County affirming rulings of the Department of Public Welfare discontinuing A. A. B. D. (Assistance to the Aged, Blind or Disabled) for his ward. We reverse the judgment of the District Court.

The question before us is whether the interest of the ward and recipient Roman Jansen in a certain trust fund is an available resource as defined by the Nebraska Department of Public Welfare State Plan and Manual, Part IX, § 3421. The A. A. B. D. program is designed to provide financial assistance as needed to persons who are blind, aged, or disabled. The program is administered by the states which are given broad discretion determining both standards of need and the level of benefits. The term " 'available resources' is defined to include every type of property or interest in property that the indi-

vidual owns and may convert into cash, * * *.'' State Plan and Manual, Part IX, § 3421.

The inter vivos trust involved was created on the 24th day of February 1966, by Henry A. Jansen, the father of Roman Jansen. The Omaha National Bank, Omaha, Nebraska, was named trustee. Certain assets were immediately transferred to the trust; at the death of Henry A. Jansen in 1966 further assets were added to the trust. At the time of the hearing, the trust had assets of approximately $18,500. The pertinent part of the trust, as it affects the recipient, Roman Jansen, is contained in section VI 3 (a): ''Until such time as both Roman Jansen, a son of the Grantor, and Hildegarde Jansen, a daughter of the Grantor, shall be deceased, the Trustee shall from time to time pay to or for the benefit of any one or more of the living members of a class composed of the issue of the Grantor, for their care, support and maintenance, so much of the income and principal of the trust, as the Trustee in its *sole discretion,* shall deem advisable, for their care, support and maintenance. Such distributions need not be made equally to all members of the class. In making such distributions, the Trustee shall be guided by the knowledge that the Grantor feels that his two children, named above, may require assistance to a greater degree during their lifetimes than other children of the Grantor not named herein. Trustee is hereby requested, in making determinations as to such distributions as are herein provided for, to discuss the needs of various members of the class to whom distributions can be made, with the adult members of that class. Final decision on any distribution shall be that of the Trustee.'' (Emphasis supplied.)

It is undisputed that the trustee has not made any payments to the guardian of Roman Jansen or for his benefit. At the time of the hearing and for some time prior thereto, the trustee was expending the

sum of $100 per month for the benefit of Hildegarde Jansen. It is also conceded that a brother, Joseph Jansen, the guardian and plaintiff herein, had made no demand on the trustee for any payment from the trust fund.

At the time of the administrative hearing, the vice president and trust officer concerned with this particular trust testified that he had conferred with the adult members of the class of beneficiaries, that they had determined at this time that no payment would be made for the benefit of Roman Jansen, and that he felt it would be an abuse of discretion to do so. Significantly, the availability of public assistance entered into the determination.

Without securing an order from a court having appropriate jurisdiction of the subject matter, the ward Roman Jansen cannot compel the trustee to make payment from the trust fund. In Godden v. Department of Public Welfare, 193 Neb. 269, 226 N. W. 2d 627, this court reversed the judgment of the District Court sustaining a decision of the Department of Public Welfare which determined that the proceeds of an undistributed lump-sum-death-benefit payment were available resources within the meaning of the minor wards' eligibility for public assistance. Godden involved Aid to Dependent Children benefits rather than A. A. B. D. benefits, as here, but the definition of "available resources" is substantially the same in both programs. In that case, the county court, having jurisdiction of the fund, had refused to make allocation for the immediate care of the wards. The Department of Public Welfare had concluded that the failure of the county court to make allowances was arbitrary and capricious and, therefore, the proceeds of the lump-sum settlement were available resources disqualifying the minor wards from public assistance. We said: "Regardless of how arbitrary the order of the county judge may be, it is binding on all parties affected until it is

judicially reversed or modified. This action is not a proper proceeding to accomplish that purpose. It is not within the power of the Department of Public Welfare to second-guess a judicial officer or to ignore his order. Until the order of the county judge, arbitrary or otherwise, is reversed or modified, the money held in trust is unavailable to the wards. It is the present availability of the funds which is determinative herein. Until the guardians take steps to acquire possession by a further application to the county court, and an appeal if the order is adverse to them, the funds are not available to them."

It is sufficient to say the trustee was not a party to this action. This is not the proceeding in which to review his discretion or abuse of discretion in denying to the ward the trust funds. That may be done by an appropriate proceeding. It is further interesting to note that the Department of Public Welfare did not avail itself of the procedure suggested in Godden v. Department of Public Welfare, *supra*: "We do not question the right of the Department of Public Welfare, if its practice permits, to enter a conditional order to require the guardians to exhaust their remedies so long as it does not deny assistance to the wards pending such determination. This was the procedure followed in Fitzpatrick v. Illinois Department of Public Aid (1972), 52 Ill. 2d 218, 287 N. E. 2d 666."

We therefore hold that in determining the eligibility of a potential trust beneficiary for public assistance, the interest of a beneficiary in a discretionary trust is not an available resource pending exhaustion of judicial remedies to determine whether such trustee is in fact abusing his discretion.

REVERSED.